Steven Ray WEGER *v.* STATE of Arkansas

CR 93-408                                              869 S.W.2d 688

Supreme Court of Arkansas
Opinion delivered January 24, 1994

*Joe Kelly Hardin*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Teena L. White*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was convicted of the capital murder of one victim and the attempted capital murder of another. He was sentenced to life in prison without parole for

the capital murder and to thirty years for the attempted capital murder. We affirm both judgments of conviction.

We need not set out the facts of the murder and attempted murder since appellant does not contend that the evidence presented was insufficient to sustain either of the convictions. Rather, he argues that the trial court made reversible trial error in two evidentiary rulings. His first assignment is that, pursuant to the doctrine of *Miranda* v. *Arizona*, 394 U.S. 436 (1966), the trial court erred in admitting his confession into evidence. The assignment logically must be divided into two sub-parts: (1) the trial court erred in holding that the proof showed that the waiver and confession were voluntarily given; and (2) the trial court erred in holding that the proof showed that the waiver and confession were knowingly and intelligently given.

In *Moran* v. *Burbine*, 475 U.S. 412 (1986), the Supreme Court clarified the standards governing the waiver of rights under the *Miranda* doctrine as follows:

> The inquiry has two distinct dimensions. First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the "totality of the circumstances surrounding the interrogation" reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived.

*Id.* at 421 (citations omitted).

In *Colorado* v. *Connelly*, 479 U.S. 157 (1986), the Supreme Court further refined the dimensions of voluntariness. In that case the Colorado Supreme Court had ruled a confession by a schizophrenic was involuntary because it was not the product of unfettered free will. The Colorado court found no police misconduct, but held that the police should not take advantage of a person in this condition. The Supreme Court reversed, stating that in the past it had focused on police overreaching, not just on the mental condition of the defendant. It emphasized that,

while the mental condition of the defendant is a significant factor in the voluntariness calculation, it should never settle the voluntariness issue by itself and apart from its relation to official coercion. *Id.* at 164. *Connelly* holds that coercive police activity is a necessary predicate to finding a confession involuntary within the meaning of the Due Process Clause of the Fourteenth Amendment. *Id.* at 167. In addition, *Connelly* requires that the State prove the confession was voluntary only by a preponderance of the evidence and that the same standard applies to proof that a waiver was knowingly and intelligently made. *Id.* at 168.

█ █ In the case at bar, there was no coercive police activity. Appellant argues that the police began questioning him "within 30 to 45 minutes of being apprehended" and that he was "frightened, tired, and hungry" after being "chased all night" and that a policeman told him it would be "in his best interest to make a statement." Appellant's fatigue and hunger were the result of his own actions, not those of the police. The questioning began within a very reasonable time. Appellant does not argue that he was subjected to physical or emotional coercion and none is apparent from the record. He does argue that a policeman told him it would be best for him to make a statement, but the officer denied making such a statement. The trial court heard the testimony of both, and found the officer's testimony to be more credible. That ends the matter, as we have repeatedly held that we will defer to the trial court's finding of fact when the only determination to be made is the credibility of witnesses. *Shaw* v. *State*, 299 Ark. 474, 478, 773 S.W.2d 827, 829 (1989). In summary, the trial court did not err when it ruled that the state proved the waiver and confession were voluntarily given.

The second sub-part of the argument is that the waiver and confession were not shown to have been knowingly and intelligently given. The basis of this argument is that the waiver of rights form used by the officer did not sufficiently inform appellant of his *Miranda* rights. The core of the holding in *Miranda* is as follows:

> To summarize, we hold that when an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning, the privilege against self-incrimination is jeopar-

dized. Procedural safeguards must be employed to protect the privilege, and unless other fully effective means are adopted to notify the person of his right of silence and to assure that the exercise of the right will scrupulously honored, the following measures are required. *He must be warned prior to any questioning that he has the right to remain silent, that anything he says may be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires.*

*Miranda*, 394 U.S. 478-79 (emphasis added).

■ The form used for advising appellant of his *Miranda* rights contains each of the elements set out above. In fact, the language of the form is almost identical to that used in the opinion. Thus, the trial court did not err in ruling that the waiver of rights form used by the police fully advised appellant of his rights under the *Miranda* doctrine.

Appellant's second assignment is that the trial court erred in admitting photographs of the murder victim into evidence after the jury had already been shown a videotape of crime scene. The essence of his argument is that, after showing the videotape, admitting the photographs was cumulative, and the photographs were used merely to inflame the jury.

■ The photographs at issue showed the murder victim and her wounds. They were relevant evidence. "Relevant evidence" was evidence that had any tendency to make the existence of any fact of consequence to the determination of guilt of capital murder or attempted capital murder more or less probable. A.R.E. Rule 401. However, even if relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. A.R.E. Rule 403. We have repeatedly held that the balancing of probative value against prejudice is a matter left to the sound discretion of the trial judge, and a trial judge's ruling on this issue will not be disturbed absent a showing of manifest abuse. *Haynes* v. *State*, 309 Ark. 583, 832 S.W.2d 479 (1992).

Although we give great deference to the trial court's discretion in a 403 weighing of probative value versus prejudice,

we have rejected giving a trial court unlimited authority to admit photographs. *Berry* v. *State*, 290 Ark. 223, 227, 718 S.W.2d 447, 450 (1986). We require a trial court to first consider whether relevant evidence creates a danger of unfair prejudice, and then to determine whether the danger of unfair prejudice substantially outweighs its probative value. *Beed* v. *State*, 217 Ark. 526, 609 S.W.2d 898 (1980).

■■ The mere fact that a photograph is inflammatory or is cumulative is not, standing alone, sufficient reason to exclude it. *Walton* v. *State*, 279 Ark. 193, 650 S.W.2d 231 (1983). Even the most gruesome photographs may be admissible if they assist the trier of fact in any of the following ways: by shedding light on some issue, by proving a necessary element of the case, by enabling a witness to testify more effectively, by corroborating testimony, or by enabling jurors to better understand the testimony. *Perry* v. *State*, 255 Ark. 378, 500 S.W.2d 387 (1973). Of course, if a photograph serves no valid purpose and could be used only to inflame the jurors' passions, it should be excluded. *Gruzen* v. *State*, 267 Ark. 380, 591 S.W.2d 342 (1979).

In this case the trial court instructed the prosecuting attorney as follows:

> Any pictures that you put into evidence that depict the bodies are going to have to be put in for the purpose of assisting Dr. Sturner [state medical examiner] in his testimony and in describing to the jury what his finding were in reference to the injuries received and what his conclusions are with reference to the dynamics of the occurrence, and for those reasons you can put any of those photographs into evidence, but it is going to be limited to that.

In chambers, the trial court then examined each of the photographs and ruled on those that might be admitted for the purpose of assisting the medical examiner in his testimony. All others were excluded.

■ To secure a conviction for capital murder, the State had the burden of proving that appellant caused the death of the victim "under circumstances manifesting extreme indifference to the value of human life." Ark. Code Ann. § 5-10-101(a)(1) (Repl. 1993). The nature and extent of a victim's wounds is rel-

evant to a showing of intent, and the intent may be inferred from the type of weapon used, the manner of use, and the nature, extent, and location of the wounds. *Garza* v. *State*, 293 Ark. 175, 735 S.W.2d 702 (1987). The photographs allowed in evidence showed the nature and extent of the wounds and show that at least two shots were fired and one victim was stabbed. In addition, the photographs refute the part of appellant's confession in which he claimed that he only fired one shot. In sum, the trial court did not abuse its considerable discretion in weighing the probative value against prejudice before allowing the photographs to be admitted into evidence.

Appellant has been sentenced to life imprisonment, without parole. Accordingly, pursuant to Rule 4-3(h) of the Rules of the Supreme Court and Court of Appeals, an examination of all rulings adverse to appellant has been made, and there is no reversible error in those rulings.

Affirmed.