Thomas Randall COOK *v.* STATE of Arkansas

CR 93-1245                                         · 872 S.W.2d 72

Supreme Court of Arkansas
Opinion delivered March 21, 1994

*William R. Simpson, Jr.*, Public Defender, by: *Phyllis A. Edwards*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was convicted of rape, kidnapping, and terroristic threatening. His sentence was enhanced because he is a habitual criminal. He appeals. We affirm the judgment of convictions.

Since appellant does not question the sufficiency of the evidence, we need not recite the details of the crimes. In appellant's first point of appeal, he contends that the trial court erred in refusing to declare a mistrial after a comment by the deputy pros-

ecutor. The comment, made in closing argument, related to the trustworthiness of an alibi witness who had testified that appellant was at her home, rather than at the scene of the crimes, when the crimes were committed. The alibi witness testified that she remembered the exact date because it was the date her boyfriend's family flew into Little Rock from Chicago. She testified that her boyfriend, Richard, confirmed the date by calling his relatives and having them check their airline tickets.

In closing argument, the deputy prosecutor argued that the witness did not know the exact date appellant was in her home. He questioned the source of the confirmation of the date and asked: "Where's Richard? Where's the boyfriend? Where is Richard? Richard is working in town today, presumably could have been subpoenaed." Defense counsel objected and stated that the argument implied that it was up to the accused to prove his innocence and moved for a mistrial. The trial court denied the motion for a mistrial and instructed the jury:

> Ladies and gentlemen of the jury, the defendant is not required to prove his innocence. He's not required to subpoena any particular individual for any reason. He does not have to do any of that. And I want to read for emphasis an instruction I've already given.
>
> There is a presumption of the defendant's innocence in a criminal prosecution. In this case Thomas Cook is presumed to be innocent. That presumption of innocence attends and protects him throughout the trial and should continue and prevail in your minds until you are convinced of his guilt beyond a reasonable doubt.

A mistrial is an extreme remedy that should only be granted when justice cannot be served by continuing the trial. *Taylor* v. *State*, 303 Ark. 586, 799 S.W.2d 519 (1990). A mistrial is only appropriate when the error is beyond repair and cannot be corrected by any curative relief. *Hall* v. *State*, 314 Ark. 402, 862 S.W.2d 268 (1993). A trial court has broad discretion in granting or denying a motion for a mistrial, and the trial court's decision will not be reversed absent abuse of that discretion. *Id.* In addition, we have said that a trial court has discretion to control closing argument and is in a better position to determine the

possibility of prejudice by observing the argument firsthand. Woodruff v. State, 313 Ark. 585, 592, 856 S.W.2d 299, 303 (1993). This court will not reverse the action of a trial court in matters pertaining to its control, supervision, and determination of the propriety of arguments of counsel in the absence of manifest gross abuse. *Id.*

The trial court did not abuse its considerable discretion in the ruling in this case. The comment was not about the accused's failure to testify in violation of his Fifth Amendment privilege against self-incrimination. *See Aaron* v. *State*, 312 Ark. 19, 846 S.W.2d 655 (1993). Rather, it was about the trustworthiness of a witness's recollection of a date and her confirmation of that date. At most, it was an attempt to shift the burden of proof, and we cannot say that the trial court erred in determining that the instruction remedied that wrong.

In his second point of appeal appellant contends that the trial court erred in limiting his cross-examination of the prosecutrix. Appellant's attorney attempted to question the victim about an attempted suicide that occurred three months before the crimes were committed. The State objected, and the trial court ruled that an attempted suicide three months earlier was not relevant to the crimes charged. Appellant made a proffer that if he were allowed to question the prosecutrix, he would show that the attempted suicide was really an attempt to get attention and that the prosecutrix's allegations in this case were made for the same reason. Appellant argued that the questions should be allowed to show motive of the victim to fabricate her story and cited A.R.E. Rule 404(b). On appeal appellant contends that honesty is a character trait and that he should have been allowed to question the prosecutrix's trait for honesty. In support of his argument he cites *Kellensworth* v. *State*, 275 Ark. 252, 631 S.W.2d 1 (1982). We summarily dismiss the point. The argument made at trial involved Rule 404(b), and that rule is not applicable. Further, a ruling on relevancy is discretionary and will not be reversed by an appellate court absent an abuse of discretion. *Owens* v. *State*, 313 Ark. 520, 856 S.W.2d 288 (1993).

Affirmed.

CORBIN, J., not participating.