Tyrone Denoise WILLIAMS *v.* STATE of Arkansas

CR 93-1183                                                874 S.W.2d 369

Supreme Court of Arkansas
Opinion delivered April 25, 1994

*Joe Kelly Hardin*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Tyrone Denoise Williams, appeals a judgment of the Saline Circuit Court convicting him of the capital murder of Bennie Young and sentencing him to life imprisonment without parole. Appellant asserts two points for reversal. We find no merit and affirm.

First, appellant argues the trial court erred in allowing the admission of a videotape of the crime scene and autopsy photographs of the victim. Appellant concedes the videotape and photographs are relevant evidence and acknowledges that the trial court has discretion in admitting this type of evidence. However, appellant argues that to allow the admission of both a videotape and still photographs of the same body is to give the trial court unlimited authority to admit photographs in contravention of *Berry* v. *State*, 290 Ark. 223, 718 S.W.2d 447 (1986).

The videotape was admitted into evidence during the testimony of Saline County Sheriff's Deputy Wayne Bean. Deputy Bean testified that he arrived at the scene of Bennie Young's murder at approximately 9:51 p.m. on November 25, 1992. The scene was a two-bedroom trailer in Saline County. He described the

scene as consistent with a struggle — debris lying everywhere with blood spattered on the walls and tracked down the hall. Deputy Bean stated that he videotaped the crime scene within thirty minutes of his arrival. The videotape, as admitted by the trial court, showed the victim as he lay on the floor before his body was moved by the investigating officers. The trial court ruled inadmissible the portion of the tape showing the coroner and the officers rolling the victim's body while investigating the wounds.

The medical examiner testified that the six photographs appellant challenges were taken at the time of the autopsy after the body had been cleaned. Each of the six photographs showed different wounds and areas of the victim's body; even appellant's attempt to abstract the pictures in words describes six different areas of the body. The medical examiner testified there were fourteen separate and distinct stab wounds that were the cause of death, the most serious of which was a wound to left chest which penetrated the heart.

Generally, the same considerations and requirements for admissibility that apply to photographs also apply to videotapes. *Hickson* v.*State*, 312 Ark. 171, 847 S.W.2d 691 (1993). In the recent case of *Weger* v. *State*, 315 Ark. 555, 869 S.W.2d 688 (1994), we held on the facts there presented that no error occurred when the jury was shown both a videotape of the homicide scene and photographs of the victim's wounds. We reiterated our law which is well settled:

> The mere fact that a photograph is inflammatory or is cumulative is not, standing alone, sufficient reason to exclude it. *Walton* v. *State*, 279 Ark. 193, 650 S.W.2d 231 (1983). Even the most gruesome photographs may be admissible if they assist the trier of fact in any of the following ways: by shedding light on some issue, by proving a necessary element of the case, by enabling a witness to testify more effectively, by corroborating testimony, or by enabling jurors to better understand the testimony. *Perry* v. *State*, 255 Ark. 378, 500 S.W.2d 387 (1973). Of course, if a photograph serves no valid purpose and could be used only to inflame the jurors' passions, it should be excluded. *Gruzen* v. *State*, 267 Ark. 380, 591 S.W.2d 342 (1979).

*Weger*, 315 Ark. at 560, 869 S.W.2d at 691.

The medical examiner stated the photographs showed a variety of injuries which he would and did describe. The video-tape showed the crime scene and shed light on the violence done to the victim. The tape and the photos showed the nature and extent of the wounds which is relevant to a showing of intent as intent may be inferred from the type of weapon used, the manner of use, and the nature, extent, and location of the wounds. *Weger*, 315 Ark. 555, 869 S.W.2d 688. The videotape and photos also helped the state prove an element of its case against appellant — the requisite level of intent associated with capital murder. Ark. Code Ann. § 5-10-101 (Repl. 1993).

We are well aware of appellant's reliance on *Berry*, 290 Ark. 223, 718 S.W.2d 447. However, while *Berry* holds that a trial court cannot admit photographs carte blanche, it only prohibits the admission of photographs whose prejudicial effect substantially outweigh any probative value. The record reflects that the trial court carefully considered the admissibility of these items on more than one occasion and that it did not admit all the photographs proffered by the state nor all of the videotape. Given the trial court's careful consideration of these issues and the fact that the items were probative of an element of the crime and assisted the medical examiner's testimony, we have no hesitation in concluding there was no manifest abuse of discretion.

Second, appellant contends the trial court erred in refusing to grant a mistrial when the state elicited evidence concerning appellant's drug use. In *Free* v. *State*, 293 Ark. 65, 732 S.W.2d 452 (1987), we wrote:

> Declaring a mistrial is an exceptional remedy to be used only where any possible prejudice cannot be removed by an admonition to the jury. *Cobb* v. *State*, 265 Ark. 527, 579 S.W.2d 612 (1979). The trial court is granted a wide latitude of discretion in granting or denying a motion for mistrial, and the decision of the trial court will not be reversed except for an abuse of that discretion or manifest prejudice to the complaining party. *Brown* v. *State*, 259 Ark. 464, 534 S.W.2d 207 (1976).

*Free*, 293 Ark. at 73, 732 S.W.2d at 456.

Even assuming without deciding that error occurred

when the trial court allowed the prosecutor to continue with the challenged question, any resulting prejudice could have been cured by an admonition to the jury. A mistrial therefore was not warranted and the trial court did not err in refusing appellant's request for one. Moreover, appellant did not request an admonition. The only request was for a mistrial which was not warranted. We cannot say the trial court erred in this regard. *See Johnson* v. *State*, 298 Ark. 617, 770 S.W.2d 128 (1989).

In accordance with Ark. Sup. Ct. R. 4-3(h), we have examined the transcript for prejudicial rulings made against appellant. We have found no such errors. Accordingly, the judgment of conviction is affirmed.