Terrance Cantrell BULLOCK *v.* STATE of Arkansas

CR 93-1147                                    876 S.W.2d 579

Supreme Court of Arkansas
Opinion delivered May 31, 1994

*John Wesley Hall, Jr.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Terrance Cantrell Bullock, appeals a judgment of the Pulaski Circuit Court convicting him of aggravated robbery and theft of property and sentencing him as a habitual offender to thirty-two years and ten years respectively in the Arkansas Department of Correction. His sole argument for reversal is that the trial court erred in denying his motion for mistrial made during the state's closing argument. He claims the prosecutor made remarks that violated his Fifth Amendment rights by making references to his failure to produce evidence and his failure to testify. This claim is without merit, and we affirm.

At trial, appellant took the stand and, in addition to claiming mistaken identity, offered an alibi as his defense to the two crimes charged. Regarding the alibi, appellant testified that he was at Dot Boe's house helping her move at the time the crimes occurred. Appellant testified that he remembered helping Ms. Boe move on the day in question, that she got a check around 12:30 or 1:00 o'clock that day, and that she paid him, presumably for helping her move. On cross-examination, appellant stated that he did not have a copy of the check because it was not his check.

During closing argument, the prosecutor stated: "Mr. Bullock tells you that he was over at Dot Boe's house moving. He said he got a check. They don't have that check here today." Appellant immediately asked for a bench conference, where he moved for a mistrial based on the fact that the prosecutor referred to evidence the defense was not required to prove. The trial court instructed the prosecutor not to refer to anything that had not been put into evidence and then reminded the jury of the instruction given previously concerning closing arguments of counsel not being evidence. That reminder was given to the jury on the court's own motion. Appellant did not object to the reminder, nor did he request that any other admonition be given.

A mistrial is an extreme remedy that should only be granted when justice cannot be served by continuing the trial. *Cook* v. *State*, 316 Ark. 384, 872 S.W.2d 72 (1994). We repeated the same principle in *Williams* v. *State*, 316 Ark. 694, 874 S.W.2d 369 (1994), when we said that a mistrial will only be granted where any possible prejudice cannot be removed by admonish-

ing the jury or some other curative relief. *See Cook*, 316 Ark. 384, 872 S.W.2d 72. A trial court has broad discretion in deciding whether to grant or deny a mistrial, and we do not reverse the trial court's decision in this regard absent abuse of that discretion or manifest prejudice to the complaining party. *Id.* The trial court also has broad discretion to control closing argument and, having observed the argument firsthand, is in a better position than this court to determine the possibility of prejudice. *Cook*, 316 Ark. 384, 872 S.W.2d 72.

█ The trial court did not abuse its discretion in denying appellant's request for a mistrial. The prosecutor's remarks were not a comment on appellant's failure to testify or to produce evidence, but an attempt to reiterate the attack on the credibility of appellant's testimony. *See Cook*, 316 Ark. 384, 872 S.W.2d 72. Such a review of the evidence is not prohibited given that appellant took the stand and offered the alibi testimony. Appellant cannot testify on his own behalf and then expect the Fifth Amendment to prohibit the state from questioning the credibility of his testimony or from calling the lack of credibility to the jury's attention during closing argument.

█ At most, the prosecutor's comments were a mischaracterization of the evidence. No objection was made on that basis, nor was any request for an admonition made. The trial court, however, *sua sponte*, instructed the jury that the prosecutor's comments were not to be considered evidence. Such an admonition was appropriate in this particular case and removed any possible prejudice. Moreover, immediately after the trial court's admonition, the prosecutor told the jury that appellant was not required to prove his innocence and that it was their job to assess his credibility. The trial court did not err in this case.

The judgment of conviction is affirmed.