Judy BARKER *v.* STATE of Arkansas

CA CR 95-498                                    916 S.W.2d 775

Court of Appeals of Arkansas
Division III
Opinion delivered March 13, 1996

*Michael L. Allison*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

OLLY NEAL, Judge. Judy Barker appeals from a conviction of DWI, second offense, in Conway County Circuit Court, wherein she was sentenced to seven (7) days in the county jail, assessed a fine of $800.00, and had her motor vehicle operator's license suspended for 12 months. For reversal Barker raises two points: (1) the trial court erred in ruling that the municipal judge, who was suspended from the practice of law at the time of appellant's trial, was a de facto judge; and (2) the trial court erred when it failed to grant a mistrial after the prosecution questioned appellant concerning prior DWI convictions. Because we agree with appellant's second argument we reverse as to that point and remand.

We first discuss appellant's argument that it was error for the trial court to deny her motion for a mistrial in light of the prosecutor's question concerning her prior DWI convictions. Appellant was afforded a bifurcated trial and was found guilty of DWI, second offense. On cross-examination of appellant, during the guilt phase of the trial, the first question asked by the prosecutor was: "Ms. Barker isn't it a fact you've been convicted twice of DWI." Appellant's counsel responded by making a motion for a mistrial, which was subsequently denied. The trial court is granted wide latitude of discretion in granting or denying a motion for a mistrial, and the decision of the court will not be reversed except for an abuse of that discretion or manifest prejudice to the complaining party. *Bullock v. State*, 317 Ark. 204, 876 S.W.2d 579 (1994); *Strawhacker v. State*, 304 Ark.

726, 804 S.W.2d 720 (1991).

The trial court offered the following admonishment to the jury:

> THE COURT: I must instruct you at this time that opening statements remarked [sic] during the trial and closing arguments of the attorneys are not evidence, but are made only to help you in understanding the evidence and applicable law. Any argument, statements or remarks of attorneys having no basis in the evidence should be disregarded by you. You are to consider only this case that you are here to decide today and should disregard the first or the only question, first and last, which was the only question that was asked by the prosecutor before we broke for lunch.

An important factor is whether the prosecutor deliberately intended to induce a prejudicial response. Nothing in the record suggests that the prosecutor had a good-faith basis for believing that appellant had two prior DWI convictions. In fact, the record reveals that appellant had only one prior conviction. The case at bar is similar to *Maxwell* v. *State*, 279 Ark. 423, 652 S.W.2d 31 (1983). In *Maxwell*, where the relevant issue related to the prosecutor's questioning the defendant concerning a prior conviction, our supreme court concluded that the deliberateness of the prosecutor's action could not be made harmless by anything less than a reprimand in the presence of the jury or a mistrial.

We believe that the decision of the trial court in denying the motion for a mistrial resulted in manifest prejudice to the appellant to the extent that she was denied a fair trial.

Appellant's other argument merits little discussion. As appellee correctly points out, appellant was tried de novo in the Circuit Court. As such, we believe that appellant's due process rights were not violated.

Reversed and remanded.

MAYFIELD and STROUD, JJ., agree.