Cite as 2017 Ark. App. 21

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–16–108

| | |
|---|---|
| JAMES LEE MCPHERSON<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered: January 18, 2017<br><br>APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT<br>[NO. 23CR-14-968]<br><br>HONORABLE CHARLES E. CLAWSON, JR., JUDGE<br><br>REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED WITHOUT PREJUDICE |

**KENNETH S. HIXSON, Judge**

Appellant was convicted by a Faulkner County jury of three counts of rape and was sentenced to serve a total of 900 months' imprisonment. Appellant's attorney has filed a no-merit brief and a motion to withdraw as counsel pursuant to Arkansas Supreme Court Rule 4-3(k) (2016) and *Anders v. California*, 386 U.S. 738 (1967), asserting that this appeal is wholly without merit. The motion is accompanied by an abstract and addendum of the proceedings below, alleged to include all objections and motions decided adversely to appellant, and a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of this court mailed a copy of counsel's motion and brief to appellant's last-known address informing him of his right to file pro se points for

SLIP OPINION

reversal; however, he has not done so.[1]  Consequently, the attorney general has not filed a

brief in response.  However, counsel's no-merit brief is not in compliance with *Anders* and

Rule 4-3(k).  Therefore, we order rebriefing and deny without prejudice counsel's motion

to withdraw.

It is imperative that counsel follow the appropriate procedure when filing a motion

to withdraw.  *Walton v. State*, 94 Ark. App. 229, 228 S.W.3d 524 (2006).  To further the

goal of protecting constitutional rights, it is both the duty of counsel and of this court to

perform a full examination of the proceedings as a whole to decide if an appeal would be

wholly frivolous.  *Campbell v. State*, 74 Ark. App. 277, 47 S.W.3d 915 (2001).  Arkansas

Supreme Court Rule 4-3(k) provides in pertinent part,

> Any motion by counsel for a defendant in a criminal or a juvenile delinquency case for permission to withdraw made after notice of appeal has been given shall be addressed to the Court, shall contain a statement of the reason for the request and shall be served upon the defendant personally by first-class mail.  A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract and Addendum.  *The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal.*  The abstract and Addendum of the brief shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the circuit court.

(Emphasis added.)

We note that counsel omits large portions of the record in the abstract, including

failure to abstract all adverse rulings as required.  Additionally, counsel failed to address all

adverse rulings in his argument and provide an explanation as to why there is nothing in the

---

[1]The packet was mailed to appellant by certified mail, and a return receipt indicates that delivery was accepted.

record that would support an appeal, as he is required to do. Rather than listing each adverse ruling in chronological order, counsel categorizes the related adverse rulings and provides a brief explanation as to why each category of adverse rulings does not present a meritorious ground for reversal. In doing so, counsel fails to abstract and address at least two adverse rulings. Specifically, the trial court denied appellant's motion to excuse a potential juror during jury voir dire as reflected in the record on pages 255–56. Additionally, during trial, appellant objected to the admission of exhibit 22, and the trial court admitted exhibit 22 into evidence, over appellant's objection, as reflected in the record on pages 376–77. In a criminal no-merit appeal, counsel is required to abstract and discuss every adverse ruling, in order to comply with Rule 4-3(k) and *Anders*, *supra*, and we must order rebriefing if counsel fails to do so. *Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877. Finally, we note that counsel's addendum fails to include the State's pretrial response to appellant's motion to suppress and any of the exhibits appellant objected to at trial. Arkansas Supreme Court Rule 4-2(a)(8)(A) (2016) requires that the addendum contain all relevant pleadings, orders, documents, and exhibits in the record that are essential to an understanding of the case. *Sims v. State*, 2015 Ark. App. 11.

Pursuant to Rule 4-2(b)(3), we afford appellant's counsel an opportunity to cure these deficiencies. Counsel is directed to file a substituted abstract, brief, and addendum within fifteen days from the date of this opinion. The deficiencies noted above should not be taken as an exhaustive list, and we encourage counsel, prior to filing a substituted brief, to carefully review Rules 4-2 and 4-3 to ensure that no additional deficiencies exist. We express no opinion as to whether the new appeal should address the merits or should be

made pursuant to Rule 4–3(k). *Whittier v. State*, 2015 Ark. App. 183. If a no-merit brief is filed, counsel's motion and brief will be forwarded by the clerk to appellant so that, within thirty days, he will again have the opportunity to raise any points he chooses in accordance with Rule 4–3(k)(2). In either instance, the State shall be afforded the opportunity to file a brief in response. *Cox v. State*, 2015 Ark. App. 132.

Rebriefing ordered; motion to withdraw denied without prejudice.

GRUBER, C.J., and VIRDEN, J., agree.

*Joseph C. Self*, for appellant.

No response.