

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–16–108

| | |
|---|---|
| | Opinion Delivered:   October 4, 2017 |
| JAMES LEE MCPHERSON<br>APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR-14-968] |
| V. | |
| | HONORABLE CHARLES E. CLAWSON, JR., JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## KENNETH S. HIXSON, Judge

Appellant was convicted by a Faulkner County jury of three counts of rape and was sentenced to serve a total of 900 months' imprisonment. Appellant's attorney had previously filed a no-merit brief and a motion to withdraw as counsel pursuant to Arkansas Supreme Court Rule 4-3(k) (2016) and *Anders v. California*, 386 U.S. 738 (1967). Because of briefing deficiencies, we previously ordered rebriefing. *See McPherson v. State*, 2017 Ark. App. 21. Counsel has filed the instant no-merit brief, correcting those deficiencies, and asserting that this appeal is wholly without merit. The motion is accompanied by an abstract and addendum of the proceedings below, alleged to include all objections and motions decided adversely to appellant, and a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of this court mailed a copy of counsel's motion and brief to appellant's last-known address informing him of his right to file pro se

SLIP OPINION

points for reversal; however, he has not done so.[1]  Consequently, the attorney general has not filed a brief in response.  We grant counsel's motion to withdraw and affirm the convictions.

Appellant was charged with three counts of rape involving a victim that was less than fourteen years of age, and a trial was held on August 11, 2015.  At trial, M.R. (DOB 11-15-2000) testified that appellant had raped her.  M.R. explained that she had been friends with appellant's daughters.  Appellant had flirted with her, kissed her, and inappropriately touched her while she was at his home on July 4, 2014.  A couple of weeks later, appellant started talking with her through Kik and Snapchat.  After appellant texted her and instructed her to meet up with him at his truck at approximately 1:00 in the morning on August 18, 2014, M.R. complied and had vaginal sex with appellant inside his truck.  M.R. testified that she was thirteen years old at that time.  M.R. further testified that appellant had threatened to tell her parents and blame her for everything if she did not continue to "do things with him."  M.R. testified that two weeks after the first incident, appellant and she had oral sex in his truck.  They again had vaginal sex at the end of September 2014 or beginning of October 2014.  M.R.'s mother eventually found the phone that M.R. had been using to communicate with appellant.  The Snapchat messages were admitted into evidence over appellant's objection.

Detective Brian Williams testified that he had examined M.R.'s phone and that he had found the communications that M.R. had with appellant on both Kik and Snapchat.

_____

[1]The packet was mailed to appellant by certified mail, and a return receipt indicates that delivery was accepted.

Officer John Randall, the jail administrator for the Faulkner County Sheriff's Department, testified that he had a CD of the recorded phone calls that appellant made while in jail. Officer Randall identified appellant's birth date and testified that he had located a series of jail calls that were unique to appellant's PIN and captured them on a CD. The CD containing the recorded calls was admitted over appellant's objection. Furthermore, a list of the calls was also introduced over appellant's objection.

Lisa Raymond, M.R.'s mother, testified that she was familiar with both appellant and appellant's wife. She additionally testified that she was familiar with their voices. A recorded call between appellant and his youngest daughter was played for the jury. In that call, appellant admitted that he had sex with M.R. three times in his work truck. In another recorded call between appellant and his wife, appellant admits that he had sex with M.R. three times. In yet another recorded call, appellant states that he knew he was 100 hundred percent guilty.

After the State rested its case, appellant moved for a directed verdict. The trial court denied appellant's motion. After all evidence was presented, appellant renewed his motion for directed verdict, and the trial court denied his motion. The jury found appellant guilty of three counts of rape and recommended that he be sentenced to serve twenty-five years' imprisonment on each count to be served consecutive, which the trial court imposed. This appeal followed.

## I. *Sufficiency of the Evidence*

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Hinton v. State*, 2015 Ark. 479, 477 S.W.3d 517. When reviewing a challenge to the

sufficiency of the evidence, this court assesses the evidence in the light most favorable to the State and considers only the evidence that supports the verdict. *Id.* The sufficiency of the evidence is tested to determine whether the verdict is supported by substantial evidence, direct or circumstantial. *Wyles v. State*, 368 Ark. 646, 249 S.W.3d 782 (2007); *Boyd v. State*, 2016 Ark. App. 407, 500 S.W.3d 772. Substantial evidence is evidence which is of sufficient force and character that will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Hinton*, *supra*. Finally, the credibility of witnesses is an issue for the jury and not the court. *Id.* The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.*

A person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. Ark. Code Ann. § 5-14-103(a)(3) (Repl. 2013). "Sexual intercourse" is penetration, however slight, of the labia majora by a penis. Ark. Code Ann. § 5-14-101(11). "Deviate sexual activity" is defined as any act of sexual gratification involving (A) the penetration, however slight, of the anus or mouth of a person by the penis of another person; or (B) the penetration, however slight, of the labia majora or anus of a person by any body member or foreign instrument manipulated by another person. Ark. Code Ann. § 5-14-101(1).

Here, the victim testified that appellant had sex with her and that she was under the age of fourteen at the time. A rape victim's uncorroborated testimony describing penetration may constitute substantial evidence to sustain a conviction of rape, even when the victim is a child. *Breeden v. State*, 2013 Ark. 145, 427 S.W.3d 5. The rape victim's

SLIP OPINION

testimony need not be corroborated, and scientific evidence is not required. *Id.* Furthermore, appellant admitted that he was guilty of three counts of rape in recorded telephone calls made from jail. It is the function of the jury, and not the reviewing court, to evaluate the credibility of witnesses and to resolve any inconsistencies in the evidence. *Id.* Therefore, any appeal challenging the sufficiency of the evidence would be wholly without merit.

## II. *Jail Telephone Conversations*

Appellant filed a pretrial motion to suppress any statements he made to his spouse or that were made by him while being recorded. Appellant alleged that any admissions that he made during recorded telephone calls while in jail waiting for trial should have been inadmissible under Arkansas Rules of Evidence 504 and 801(d)(2). The State responded that it intended to introduce numerous incriminating statements during jail calls to his wife and children. The State further argued that appellant had no reasonable expectation of privacy and that spousal privilege did not apply because the calls were not private since the jail-call system warns both the caller and callee that the calls are monitored. After a hearing, the trial court filed an order agreeing with the State and denying appellant's motion. Appellant further renewed his objections to this evidence being admitted at trial, and the trial court denied those motions as well.

A trial court's decision to admit or exclude evidence is reviewed under an abuse-of-discretion standard. *Detherow v. State*, 2014 Ark. App. 478, 444 S.W.3d 867. An abuse of discretion is a high threshold that does not simply require error in the trial court's decision but requires that the circuit court acted improvidently, thoughtlessly, or without due

consideration. *Gillean v. State*, 2015 Ark. App. 698, 478 S.W.3d 255. Moreover, we will not reverse a trial court's evidentiary ruling absent a showing of prejudice. *Id.*

The trial court did not abuse its discretion in admitting this evidence. In *Decay v. State*, 2009 Ark. 566, 352 S.W.3d 319, our supreme court held that a defendant had no reasonable expectation of privacy after he was made aware that his telephone calls were monitored and recorded. There, our supreme court held that the trial court did not abuse its discretion in admitting transcripts of jail telephone conversations into evidence. Here, appellant was informed that his telephone conversations were monitored and recorded. Therefore, we hold that an appeal based on this point would be wholly frivolous.

### III. *Elements of Undue Influence or Coercion*

Appellant additionally argued that any evidence that the victim was unduly influenced or coerced should have been inadmissible during the guilt phase of trial pursuant to Arkansas Rule of Evidence 403. The State objected, arguing that the circumstances of the rape and conduct of the victim were relevant and admissible. The trial court denied the motion. Rule 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Here, the trial court did not abuse its discretion because the circumstances of the entire rape were relevant and were not substantially outweighed by the danger of unfair prejudice. *See Gaines v. State*, 340 Ark. 99, 8 S.W.3d 547 (2000). As such, an appeal based on this point would be wholly frivolous.

IV.  *Jury Selection*

During jury selection, appellant asked for a juror to be excused after the juror testified that he probably would give a law-enforcement officer's testimony more weight.  After further inquiry, the juror affirmed that he would weigh a law-enforcement officer's testimony as he would anyone else that testified, and the trial court stated that it thought the juror "[was] good."  However, the juror was not seated on the jury or even selected as a potential alternate.  Therefore, an appeal on this point would be wholly frivolous because "[a] claim of error relating to a challenge for cause is only preserved regarding jurors who actually sat on the jury after a challenge for cause was denied."  *Kemp v. State*, 324 Ark. 178, 195, 919 S.W.2d 943, 951 (1996).

V.  *Admission of Snapchat Messages, CD of Telephone Recordings,*
*and List of Telephone Calls*

Appellant objected to the introduction of copies of Snapchat messages, a CD of telephone recordings, and a list of the telephone calls contained on the CD, arguing that a proper foundation had not been laid.  The trial court denied each motion.  On appeal, we will not reverse a trial court's ruling on the admission of evidence absent an abuse of discretion.  *Donley v. Donley*, 2016 Ark. 243, 493 S.W.3d 762.  In *Donley*, our supreme court held that a trial court did not abuse its discretion in admitting screenshots of a Facebook account after it had been properly authenticated through testimony of a witness, who was able to tie a party to the comments and photographs.  Here, regarding the Snapchat messages, M.R. testified that the messages were on her phone and that she had recognized the content.  Additionally, regarding the CD containing the recorded calls and the corresponding list of those calls, Officer Randall identified appellant's birth date and testified

that he had located a series of jail calls that were unique to appellant's PIN and captured them on a CD. Furthermore, M.R.'s mother testified that she was familiar with the voices on the recorded telephone calls and identified the parties as the recordings were published to the jury. Therefore, an appeal from these rulings would be wholly without merit. Thus, from our review of the record and the brief presented, we find that counsel has complied with the requirements of Rule 4–3(k) and hold that there is no merit to this appeal. Accordingly, counsel's motion to withdraw is granted, and appellant's convictions are affirmed.

Affirmed; motion to withdraw granted.

ABRAMSON and VAUGHT, JJ., agree.

*Joseph C. Self*, for appellant.

One brief only.