PHILLIP T. WHITEAKER, Judge
Appellant Daniel Honey was convicted by a Logan County jury of one count of rape and one count of second-degree sexual assault. On appeal, he argues that the Logan County Circuit Court erred in denying his motion for mistrial that he made in response to allegedly improper cross-examination by the State. We agree and reverse and remand.
I. Background
Honey was charged with two counts of rape based on allegations that he inserted his finger into the vagina and anus of seven-year-old R.T. Prior to trial, Honey filed a motion for discovery to which the State filed a response and supplemental response. Honey later filed a separate request for discovery pursuant to Arkansas Rule of Criminal Procedure 17.1, specifically asking the State to disclose "all evidence the Prosecution anticipates will be used against Defendant pertaining to character and to that of other crimes, wrongful conduct, or acts, including, but not limited to, evidence allowed under Rule 404(b) of the Arkansas Rules of Evidence." The State did not respond to this motion.
At trial, the State presented its evidence against Honey. Honey then testified in his own defense. During cross-examination, the State questioned Honey about his living arrangements. Honey stated that he had lived with the victim's mother's cousin for about a month until arrangements were made for him to move across the street. The prosecuting attorney then asked, "In fact, they didn't make arrangements for you to move, you were asked to move, because of some allegations that you had touched another little girl on the leg in the apartment parking lot; is that not true?" Honey replied, "No, that is incorrect." The State persisted: "Nothing happened in the parking lot with the young lady that fell on a bike, and some allegations of you rubbing on her?"
*485 Honey's counsel objected, saying he had "no clue what [the prosecutor] is talking about" and that nothing about a bike or a young lady had been disclosed during discovery. The prosecutor responded that it was "just cross-examination, it's just things that I've picked up in talking to witnesses." Defense counsel answered that if the prosecutor had notes of those conversations, they should have been provided during discovery so that he could have known what the State was going to use to cross-examine Honey. The prosecutor replied that there were no notes and reiterated that these were "just things that I've picked up in talking with witnesses."
Defense counsel moved for a mistrial, arguing that the statements about "another little girl on a different charge" were extremely prejudicial. The prosecutor repeated that because there were no notes, there was nothing he was obligated to hand over. The circuit court denied the motion for mistrial but proposed three options, suggesting that it could allow both attorneys time to talk things over, give the jury a curative instruction, or direct the State to move forward. Defense counsel opted for the curative instruction, and the circuit court instructed the jury that it was to "disregard any allegations or inference regarding the girl on the bike. There is no foundation for that. You are just to disregard that and we are going to move on."
After the State passed the witness, defense counsel asked to approach and noted to the court that he had specifically filed a motion for discovery of Rule 404(b) evidence prior to trial. Counsel contended that the prosecutor's failure to disclose Honey's alleged wrongful conduct was itself wrongful conduct that could not be cured with an instruction from the court. Counsel therefore again asked for a mistrial, which the circuit court again denied. Honey's testimony was the last evidence heard by the jury before its deliberations.
The jury went on to convict Honey of one count of rape and one count of second-degree sexual assault. He was sentenced to forty years in the Arkansas Department of Correction on the rape conviction and twenty years on the sexual-assault conviction. Honey filed a timely notice of appeal and an amended notice of appeal. On appeal, he argues that the circuit court erred in denying his motion for mistrial for two reasons: (1) the prosecutor's improper question was unduly prejudicial, and (2) the prosecutor improperly failed to disclose the existence of other Rule 404(b) allegations against him.
II. Standard of Review
Our court has held that a mistrial is an extreme and drastic remedy that will be resorted to only when there has been an error so prejudicial that justice cannot be served by continuing the trial. Phillips v. State , 2015 Ark. App. 419, 467 S.W.3d 742. As a result, we leave the decision whether to grant a new trial to the sound discretion of the trial court and will not reverse that decision in the absence of an abuse of discretion or manifest prejudice to the complaining party. Id. Here, Honey contends that the trial error was so prejudicial that justice could not be served by continuing his trial and that the circuit court's denial of his mistrial motion prevented him from receiving a fair trial.[1] We agree.
*486 III. Discussion
In his first argument, Honey contends that the circuit court should have granted his mistrial because the prosecutor deliberately asked a question designed to produce an incriminating answer. The supreme court and this court have both held that an important factor in determining when a circuit court should grant a mistrial is whether the prosecutor deliberately intended to induce a prejudicial response. See, e.g. , Jones v. State , 349 Ark. 331, 78 S.W.3d 104 (2002) ; Jimenez v. State , 83 Ark. App. 377, 128 S.W.3d 483 (2003) ; Barker v. State , 52 Ark. App. 248, 916 S.W.2d 775 (1996). For example, in Barker , this court reversed the circuit court's denial of the defendant's mistrial motion when the State asked the defendant whether she had two previous convictions for DWI. Because the record was clear that the defendant had only one prior DWI conviction, this court held that the State could not have had a good faith reason for believing she had two prior convictions, and the State's question therefore resulted in manifest prejudice to the defendant. Barker , 52 Ark. App. at 248, 916 S.W.2d at 776.
Likewise, in Maxwell v. State , 279 Ark. 423, 652 S.W.2d 31 (1983), the defendant took the stand in his murder trial and admitted on direct examination that he had previously been convicted of rape. On cross-examination, the prosecuting attorney asked him, "I believe you acknowledged to [defense counsel] that in 1968 you pled guilty and were convicted of the raping of an eleven-year-old girl[.]" Defense counsel requested a mistrial based on the prosecutor's reference to the age of the victim. The circuit court denied defense counsel's motion but admonished the jury not to consider the prosecutor's reference to the victim's age. Id. at 425, 652 S.W.2d at 32. The supreme court reversed Maxwell's conviction, stating that it could not "say that in the circumstances the admonition cured the possibility of prejudice. The prosecutor's action must have been deliberate, for he could not reasonably have believed that Maxwell had admitted the inadmissible and prejudicial fact that he had raped an eleven-year-old child." Id. , 652 S.W.2d at 32-33.
Honey argues that we should reach the same conclusion in the instant case, contending that, as in Barker and Maxwell , the State deliberately intended to elicit an incriminating response with an improper question. We agree. Here, as noted above, the prosecutor asked Honey about allegations that he had touched the leg of another little girl in a parking lot. When Honey denied the allegation, the State again asked whether anything "happened in the parking lot with the young lady that fell on a bike, and some allegations of you rubbing on her?"
We find that this conduct falls squarely within the ambit of Barker and Maxwell . The State's pointed questioning about a similar accusation-with which Honey had not been criminally charged-was clearly designed to imply to the jury that Honey was a serial child molester.[2] One of the factors to be considered in determining whether a circuit court abused its discretion in denying a motion for mistrial is whether the prejudicial response was deliberately induced.
*487 Moe v. State , 2017 Ark. App. 546, at 2, 532 S.W.3d 110, 112. As Honey notes, the prosecutor "did not stumble on inadmissible testimony" through a witness's unresponsive or inadvertent answer to a question. In this case, the prosecutor's conduct was clearly deliberate.
We also consider the timing of the prosecutor's questions important in our analysis. The questions were posed almost at the end of the trial, so that they were among the last things the jury heard before it retired to deliberate. We acknowledge that the court did give an admonition to the jury, but the phrasing of the admonition that was given-"to disregard any allegations or inference regarding the girl on the bike"-only reinforced the impact of the question. We therefore conclude that the admonition to the jury could not have cured any resulting prejudice, and we hold that the circuit court abused its discretion in denying Honey's motion for mistrial on the basis of the prosecutor's improper questioning.
Honey raises a second argument in which he asserts that the State improperly failed to disclose the existence of other Rule 404(b) allegations against him, thereby unduly prejudicing him.[3] Based on our consideration of both Rule 404(b) and Arkansas Rule of Criminal Procedure 19.2, we agree with Honey on this point as well.
Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Prior to trial, Honey filed a motion pursuant to Rule 404(b) that specifically asked the State to produce, in accordance with Arkansas Rule of Criminal Procedure 17.1,[4] "all evidence the Prosecution anticipates will be used against Defendant pertaining to character and ... that of other crimes, wrongful conduct, or acts, including, but not limited to, evidence allowed under Rule 404(b) of the Arkansas Rules of Evidence." The State did not respond to this motion.
Arkansas Rule of Criminal Procedure 19.2, in turn, establishes that the parties in a criminal proceeding have a continuing duty to disclose, stating that "[i]f before trial, but subsequent to compliance with these rules, ... a party discovers additional material or information comprehended by a previous request to disclose, he [or she] shall promptly notify opposing counsel ... of the existence of such material or information." Here, although the State did not respond to Honey's Rule 404(b) motion, it nonetheless attempted through its line of cross-examination to introduce evidence of other allegations against Honey that it had found during discovery but had not disclosed to defense counsel. Honey objected to these questions with surprise, stating that nothing along these lines had been disclosed during discovery. The prosecutor responded that it was "just things *488 that I've picked up in talking to witnesses," that he had taken no notes of any of his conversations with those witnesses, and that he did not think he was "obligated to, when I interview witnesses, write things down and give them all my notes."
We find the case of Williams v. State , 267 Ark. 527, 593 S.W.2d 8 (1980), instructive in our analysis. In Williams , the defendant was charged with committing first-degree battery on her ten-month-old daughter. Her attorney filed a discovery motion prior to trial seeking all statements she might have made to the police. The State responded to the motion but neglected to mention a statement that the defendant had made to the child's doctor. The defendant told the doctor, in the presence of a police officer, that she would not have sought medical attention for the child had she known the doctor was going to call the police. The night before trial, the prosecutor learned that the doctor intended to testify about the defendant's statement made in the presence of the police officer. The prosecutor did not inform defense counsel of this statement until just before the trial started. Defense counsel moved to preclude the introduction of the statement, but his motion was denied. Williams , 267 Ark. at 531, 593 S.W.2d at 10.
The supreme court reversed, holding that the violation of Rule 19.2 was clear and that the evidence should have been excluded or a continuance granted: "The court's error was its failure to enforce the rule of discovery that imposes upon the State an obligation to timely inform the defendant of all information it has been properly requested to furnish. " Id. , 593 S.W.2d at 11 (emphasis added).
Here, despite a proper motion expressly seeking disclosure of Rule 404(b) evidence, the State failed to disclose that it had Rule 404(b) evidence. The transgression here is greater than in the Williams case. In Williams , the State disclosed the material prior to trial. In this case, the State failed to "disclose" the information until it was cross-examining Honey. At that juncture, it was far too late for Honey to investigate the matter himself or to prepare any kind of defense or response to the allegation. As the supreme court stated in Williams , "The [circuit] court must act in such a situation." Id. The circuit court's failure to grant Honey's motion for mistrial in the face of the State's misconduct was an abuse of discretion. We therefore reverse on this point as well.
Despite the trial error in this case, the State suggests that any error was harmless. Under the harmless-error rule, we can declare error harmless if two conditions are met: (1) the evidence of guilt is overwhelming, and (2) the error is slight. Cutsinger v. State , 2017 Ark. App. 647, at 6, 536 S.W.3d 134, 138.
Concerning the evidence of guilt, the State points to the testimony of the victim, R.T. Admittedly, R.T. testified that Honey put his finger into her vagina and anus, and that testimony, standing alone, was sufficient to convict Honey. See McPherson v. State , 2017 Ark. App. 515, at 4, 532 S.W.3d 96, 100 (A rape victim's uncorroborated testimony describing penetration may constitute substantial evidence to sustain a conviction of rape, even when the victim is a child.). The State also urges that R.T.'s testimony was corroborated by her mother's account of the events.[5] Additionally, the State points out that when R.T.'s mother confronted him with the allegations, Honey fled the house.
*489 See Bailey v. State , 2016 Ark. App. 209, at 5, 489 S.W.3d 203, 206 (noting that the jury may consider evidence of flight as probative evidence of guilt). What the State does not mention in its arguments are the inconsistencies in R.T.'s testimony.[6] In fact, these inconsistencies were so prominent that the State sought and received permission to introduce a videotape of an interview that R.T. had given to a forensic interviewer at a child-advocacy center. As to the issue of Honey's "flight" from the scene, the State neglects to mention that he ran only when R.T.'s mother threatened to go get her gun.
Even if we were persuaded that the evidence against Honey was overwhelming, there is another prong of harmless error to consider: whether the erroneous actions of the prosecutor were "slight." In determining whether the error is slight, we look to see if the defendant has been prejudiced. Cutsinger , supra. Prejudice is not presumed, however, and we will not reverse the circuit court's ruling unless the appellant demonstrates prejudice by the admission of the evidence. Id. For an error to be harmless, it must be harmless beyond a reasonable doubt. Watson v. State , 318 Ark. 603, 887 S.W.2d 518 (1994) (citing Delaware v. Van Arsdall , 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) ). Here, at the end of the trial, the State improperly interjected new, uncharged, undisclosed allegations that Honey had engaged in sexual misconduct with another child. We cannot say that the improper interjection was harmless beyond a reasonable doubt or that this error was slight. As the supreme court stated in Maxwell , supra , "We cannot establish a precedent that a deliberately unfair tactic such as the one before us can be made harmless by anything less than a reprimand in the presence of the jury or by the granting of a mistrial." Maxwell , 279 Ark. at 425, 652 S.W.2d at 33. The circuit court in this case should have granted Honey's motion for mistrial.
Reversed and remanded.
Abramson and Virden, JJ., agree.

We note the State's contention that Honey's argument is not preserved for appeal. The State maintains that Honey "acquiesced" to the denial of his mistrial motion and cannot now challenge a ruling by the circuit court with which he agreed. We disagree that Honey acquiesced to the circuit court's ruling. The court explicitly denied his motion for mistrial and then offered three options for proceeding in light of that denial. By choosing one of those options, Honey did not waive his right to challenge the denial of his motion on appeal.

In addition to the victim, the State produced another child witness, K.E., to testify that Honey had sexually abused her. K.E., and the substance of her testimony, however, had been disclosed to the defense prior to trial in response to Honey's initial discovery motion.

We note that the State did not respond to Honey's Rule 404(b) argument in its brief.

Rule 17.1 establishes the prosecuting attorney's obligations in discovery, requiring the State to disclose to defense counsel, upon timely request, material and information such as the names of witnesses, written or recorded statements of the defendant, or any record of prior criminal convictions of any person the prosecutor intends to call as a witness at trial. The supreme court has held that Rule 17.1"imposes a duty upon the state to disclose to defense counsel, upon a timely request, all material and information to which a party is entitled in sufficient time to permit his counsel to make beneficial use thereof."Williamson v. State , 263 Ark. 401, 405, 565 S.W.2d 415, 418 (1978).

R.T.'s mother testified that R.T. came into her room and woke her up to tell her that Honey had touched her "in the privates."

R.T. testified that her mother "told me about saying [Honey] did this to me," that she could not see the face of the person who touched her, and that she and her mother "went over this story a lot, probably more than ten times."