N. MARK KLAPPENBACH, Judge
Appellant Raddai Swan was convicted by a jury of three counts of distributing, possessing, or viewing matter depicting sexually explicit conduct involving a child, in violation of Ark. Code Ann. § 5-27-602 (Repl. 2013). He was sentenced to six years of imprisonment on each count, to run consecutively. Swan contends that the prosecutor made an improper rebuttal closing argument by misstating the State's burden of proof, to which the defense counsel objected and requested a curative instruction. Swan argues on appeal that the trial court abused its discretion in refusing *780 to issue a curative jury instruction. We affirm.
We will not reverse the action of a trial court in matters pertaining to its control, supervision, and determination of the propriety of arguments of counsel in the absence of manifest abuse of discretion. Cook v. State , 316 Ark. 384, 872 S.W.2d 72 (1994). Generally, such an error may be cured by a remedial instruction from the court. Anderson v. State , 353 Ark. 384, 108 S.W.3d 592 (2003). The State is, however, allowed to "fight fire with fire" once the defendant has opened the door to a line of argument, and what might have been impermissible becomes permissible. Lee v. State , 326 Ark. 529, 932 S.W.2d 756 (1996) ; Raquel-Dieguez v. State , 2015 Ark. App. 626, 475 S.W.3d 585. The State is permitted in rebuttal to comment on matters that were discussed or invited by the appellant's preceding closing argument. Raquel-Dieguez, supra.
The State's amended felony information accused Swan of knowingly possessing three photographs that depicted a child engaging in sexually explicit conduct. Ark. Code Ann. § 5-27-602(a)(2). The evidence was undisputed that Swan had entered search terms on his computer that resulted in his receipt of pornographic images, specifically photographs of naked females. Swan had entered computer search terms such as "pre-teen hard core" and had a computer file labeled "jailbait." Swan admitted in an interview that he had a variety of sexual interests that included pubescent females "in the spring of her adolescence ... starting to blossom." Swan maintained that despite his interest, he intentionally avoided crossing the line into having illegal pornography. Of the seventy-eight pictures in the "jailbait" file, the State sought to prove to the jury that three were clearly what is commonly referred to as "child porn."
The State presented the testimony of a pediatrician, who opined that the three females in the photographs were between the ages of nine and eleven, but the oldest reasonable estimated age of the girls would be thirteen or fourteen. The investigator affirmed in his testimony that he thought these three photographs clearly showed young girls below the age of seventeen. The color photographs were stamped at the top with a cartoon teddy bear and the words "My Little Sisters." These photographs were submitted into evidence and presented to the jury.
The trial focused on whether Swan knowingly possessed these illegal images; whether his receipt of the photographs was accidental; whether the girls in the images were, in fact, under the age of seventeen; and whether Swan knew that the girls were under age seventeen.
The trial court instructed the jury before closing arguments, and the following instructions are relevant to this appeal:
While you don't have a copy of the instructions to follow along with while I read them, a copy of the instructions will go back to the jury room with you for your deliberations.
....
Opening statements, remarks during trial, and closing arguments of the attorneys are not evidence but are made only to help you in understanding the evidence and applicable law.
....
There is a presumption of the defendant's innocence in a criminal prosecution. In this case Raddai Swan is presumed to be innocent. That presumption of innocence attends and protects him throughout the trial and should continue and prevail in your minds until you are *781 convinced of his guilt beyond a reasonable doubt.
Reasonable doubt is not a mere possible or imaginary doubt. It is a doubt that arises from your consideration of the evidence and one that would cause a careful person to pause and hesitate in the graver transactions of life. A juror is satisfied beyond a reasonable doubt if after an impartial consideration of all the evidence he or she has an abiding conviction of the truth of the charge.
....
The attorneys in making these [closing] arguments will be commenting on the testimony you have heard and the evidence that has been presented in this case. They will be recalling the evidence as it has been presented, and they will not intentionally try to mislead you. However, if their recollection of the evidence differs from yours, you must follow your own recollection. These final arguments are not evidence or instructions on the law. They are intended to help you better understand the position of each side on the issues you will decide.
In the State's initial closing argument, the prosecutor told the jury:
The judge has given you the law. Don't get caught up in a legal fog that we're throwing out here. Strip away as much as you can to the essentials, the essential facts and the law as the judge has given you. Hold the State to our burden. And remember it is beyond a reasonable doubt; it's not beyond all doubt.
Later in the closing argument, the prosecutor noted that Swan admitted his preference for young girls and then remarked, "How likely is it if that is your interest that these images happen to show up in something else that you're downloading?" Defense counsel did not object to this comment. The prosecutor continued with closing, asking the jurors to use their common sense and experience in life to determine whether Swan knowingly possessed child pornography and whether he knew the girls were under the age of seventeen.
In the defense's closing argument, counsel reminded the jury that the State had to prove its case beyond a reasonable doubt. Defense counsel addressed whether Swan "knowingly" had the images on his computer and stated that of the seventy-eight photographs in the "jailbait" folder, only three were being prosecuted as child pornography. Defense counsel then said to the jury:
What appears more likely to you, that he was looking for child pornography and struck out 75 times, but was successful three? Or he was looking for legal pornography and might have crossed that line three times, if you even come to that conclusion..... [W]hat percentage of 78 is three? That three pictures in there would end up being child pornography? But what is the likelihood of that and that he would know about it? ... [J]ust going through the numbers and deciding how likely this is, all needs to go into your calculations when determining reasonable doubt. ... If you experience that reasonable doubt, I would ask that you find my client not guilty because that's what the Constitution demands.
The State presented a rebuttal closing argument that included the following:
It doesn't really matter how many images were in that folder or what the statistics are or what the percentages of whatever, it doesn't matter. Based on everything you have heard in your experience in life you find that it is more likely that a person interested in the - - as he described hisself [sic], "hebephile"
*782 is interested in that range, somewhere around the age of 13, how likely is it that they're going to have images on their computer? Is it more likely? .... What does he do with things like that? Just delete them, get rid of it, delete it. Is it more likely that these images were downloaded in a folder called jailbait, is it more likely that they were in there and mistakenly thought they were deleted or forgot to delete them or the computer malfunctioned and shutdown and couldn't be restarted and you just forgot about them? What's more likely? This is where your common experience and your common sense come into play..... He had a computer full of porn and child erotica, not just erotica but child erotica. So what is more likely, those images got there by accident or that he forgot to delete them or wasn't able to delete them?
When the prosecutor concluded the rebuttal closing, defense counsel approached the bench, telling the trial judge, "I just want to make sure that the jury gets instructed that the burden of proof the State has is not more likely than not, it's beyond a reasonable doubt, which is higher than more likely than not." The trial judge stated that the jury had already been properly instructed on what the State had to prove and that the burden of proof was beyond a reasonable doubt, so "I don't believe it's necessary to reiterate that again." The jury retired to deliberate, and the bailiff took the exhibits and jury instructions to the jury. Swan was convicted, leading to this appeal.
Swan argues that because the State in its rebuttal closing argument made a "clear and unequivocal misstatement" of the State's burden of proof, and the trial court refused to issue a curative instruction to clarify the correct burden of proof, this manifests a gross abuse of discretion and requires reversal. Swan argues that the prosecutor's use of the words "what is more likely" is tantamount to saying the words "more likely than not," referencing a preponderance-of-the-evidence standard. The State counters by arguing that this was not a clear and unequivocal misstatement of the State's burden of proof but was rather a direct response to defense counsel's arguments to the jury.
We agree with the State. Swan's attorney opened the door to any discussion of what was "more likely" by presenting his statistical argument to the jury. The State is permitted in rebuttal to comment on matters that were discussed or invited by the appellant's preceding closing argument. Raquel-Dieguez, supra. Also, both the State and the defense repeatedly told the jury in their closing arguments to hold the State to its burden to prove its case beyond a reasonable doubt, and the jury instructions were delivered into the jury deliberation room. "This court will presume that the jury followed the court's instruction on the proper burden of proof." Jeffries v. State , 2014 Ark. 239, at 5, 434 S.W.3d 889, 894. On this record, we cannot conclude that the trial court committed a manifest abuse of discretion in not reiterating the proper burden of proof to the jury.
Affirmed.
Virden and Harrison, JJ., agree.