Michael HALL *v.* STATE of Arkansas

CR 93-629 862 S.W.2d 268

Supreme Court of Arkansas
Opinion delivered October 11, 1993

---

*Tim A. Womack P.A.*, by: *Tim A. Womack*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. This appeal arises from a burglary committed in Camden for which the appellant, Michael D. Hall, was convicted and sentenced as a habitual offender to 37 years in prison and fined $10,000. The points raised by the appellant do not warrant reversal, and we affirm.

On July 11, 1992, between 7:00 a.m. and 8:00 a.m. Mrs. Ruby Bearden entered the living room of her home in Camden and found a man who was later identified as the appellant rifling her purse. After Mrs. Bearden threatened to call her husband, the appellant fled the residence with her wallet. Mrs. Bearden then called the Camden Police Department, and Officer Chris Wages was dispatched to her home.

Mrs. Bearden described the intruder as a male with a beard and long curly black hair. She stated that he wore a dark shirt and shorts. Other officers in the area were advised of this description, and Officer Larry McMahen of that department observed a man fitting it walking without a shirt. He called Officer Wages, who went to the area and saw the man just after 8:00 a.m. about to enter a truck. The man was wearing dark green shorts and no shirt. Officer Wages stopped him, asked his identity, and requested that he return to the Bearden residence. The man was the appellant. Officer Wages patted him down and confiscated approximately $62.00.

After Hall was returned to the Bearden residence, Mrs. Bearden identified him as the man that she saw going through her purse earlier. He was arrested for burglary and charged.

At trial, Officer Wages testified, in answer to the prosecutor's questioning, that Officer McMahen informed him that a man fitting the description given by Mrs. Bearden was seen walking down Cash Road towards Fairview Road. Officer Wages then stated:

> Officer McMahen is the one that said that. He said that the subject was near — on Cash Road near Chaffee Creek trails. It's another street down there. At this time I left Mrs. Bearden's residence and went down there and found the black male which was Mr. Hall here. *We've had previous occasions and stuff* —.

At this point, defense counsel objected, and the objection was sustained. He next moved for a mistrial but that was denied.

Officer Larry McMahen later testified, and during cross examination by defense counsel, this colloquy ensued:

> DEFENSE COUNSEL: Would there be any particular reason for you to make note of what kind of shirt he was wearing at that particular time?
>
> McMAHEN: Yes, sir. Good patrol tactics. *We've had problems with him in the past*, and just — note what he's wearing.
>
> DEFENSE COUNSEL: Okay. So you see him going in Chicken Country and make a mental note that he's

wearing a shirt similar to that?

McMAHEN: Similar to that.

DEFENSE COUNSEL: No reason to be suspicious of him at that time?

McMAHEN: *Other than we've had problems in the past.*

DEFENSE COUNSEL: I understand that. Now did you ever come back to the scene of the Chicken Country?

There was no objection to the officer's statement about past problems.

During closing arguments, defense counsel made the following remarks to the jury:

I would hate to send an innocent man to the penitentiary because of a witness who had no opportunity to make an observation, and then the police bring him in here and you will recall the testimony was, "We have your suspect in the car." There's no lineup at that point.

"Here's the man that did it. We've had trouble with this man before. Come out and make sure that's the one."

The jury found appellant guilty of burglary. After a subsequent hearing as a habitual offender, he was sentenced to 37 years imprisonment and fined $10,000.

The appellant raises two points of error, both of which he contends pertain to the two officer comments about prior bad acts of the appellant. First, he argues that the trial court erred by denying his motion for a mistrial based on the testimony of Officer Wages, "We've had previous occasions and stuff. . . ." Secondly, he refers to Officer McMahen's comment, "We've had problems with him in the past. . . ." The two statements, according to Hall, violate the proscription against testimony of prior bad acts in Ark. R. Evid. 404(b).

This Court has observed that there is always some prejudice that results from the mention of a prior bad act in front of the jury. *Strawhacker* v. *State*, 304 Ark. 726, 804 S.W.2d 720 (1991). In instances where the infraction creates minimal

prejudice the proper remedy is an objection to the evidence and an admonition or instruction to the jury to disregard the remark. *Sullinger* v. *State*, 310 Ark. 691, 840 S.W.2d 797 (1992). A motion for mistrial is only appropriate where the error is beyond repair and cannot be corrected by any curative relief. *Id.; Enos* v. *State*, 313 Ark. 683, 858 S.W.2d 72 (1993). The trial court has wide discretion in granting or denying a motion for mistrial, and the decision of the trial court will not be reversed except for abuse of discretion or manifest prejudice to the complaining party. *Davasher* v. *State,* 308 Ark. 154, 823 S.W.2d 863 (1992).

We first address the testimony of Officer Wages. We are not convinced that the jury interpreted his incomplete sentence about "previous occasions and stuff" as a reference to prior bad acts of the appellant. Furthermore, we have held that remarks, which amount to inadvertent references to previous illegal conduct, may be cured by an admonition from the trial court ordering the jury to disregard the statement. *Mitchael* v. *State*, 309 Ark. 151, 828 S.W.2d 351 (1992); *Strawhacker* v. *State, supra*. In the instant case, no admonition was requested by defense counsel. In sum, the statement was vague and any problem resulting from it could have been cured by an instruction to the jury. We cannot say that the court abused its discretion in denying appellant's motion for a mistrial. *Novak* v. *State*, 287 Ark. 271, 698 S.W.2d 499 (1985).

Turning to the testimony of Officer McMahen, defense counsel failed to object to the perceived prejudicial comment. Without a timely objection, the issue is not preserved for appeal. *Fretwell* v. *State*, 289 Ark. 91, 708 S.W.2d 630 (1986). The reason, no doubt, for the failure to object is that defense counsel himself elicited the comment at issue on cross examination. That circumstance, however, does not relieve counsel from objecting or asking that the jury be instructed to disregard the statement. On this point, we have held that an appellant cannot claim reversible error on testimony that he or she chose to introduce. *Kaestel* v. *State*, 274 Ark. 555, 626 S.W.2d 940 (1983). In short, Hall should have taken some measures to preserve the issue for appeal, and he did not do so.

This brings us to Hall's final point where he contends that the trial court should have admonished the jury to disregard

the statements of Officers Wages and McMahen and erred in failing to do so. This point has no merit. It is the defendant's duty to request a curative instruction. *Sullinger* v. *State, supra; Woods* v. *State*, 40 Ark. App. 204, 846 S.W.2d 186 (1993). We again recognize that no such relief was requested by the defense counsel. The appellant's failure to ask for an admonition at trial cannot inure to his benefit on appeal. *Sullinger* v. *State, supra; Jurney* v. *State*, 298 Ark. 91, 766 S.W.2d 1 (1989).

Affirmed.