SLIP OPINION

Cite as 2015 Ark. 245

# SUPREME COURT OF ARKANSAS

No. CR–14–1060

| | |
|---|---|
| EDMOND McCLINTON<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** May 28, 2015<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. CR–2012-106-1]<br><br>HONORABLE BERLIN C. JONES, JUDGE<br><br>AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Edmond McClinton was convicted of raping a mentally handicapped, sixteen-year-old girl. McClinton was sentenced as a habitual offender and received a term of life imprisonment pursuant to Arkansas Code Annotated section 5-4-501. McClinton now appeals, arguing that he was denied a fair trial because the circuit court refused to grant a mistrial based upon a comment made by a prospective juror during jury selection. We have jurisdiction pursuant to Arkansas Supreme Court Rule 1-2(a)(2) (2014). We find no error and affirm.

I. *Facts*

As part of the jury-selection process, the circuit judge asked the prospective jurors if any of them were acquainted with the witnesses, attorneys, or the defendant. One of the jurors indicated that he had gone to elementary school with McClinton, after which, the following colloquy occurred:

> THE COURT: All right. With regards to the defendant, whom you may have gone to elementary school with, is there anything in your mind about

your having gone to school up to whatever grade you may have gone to with the defendant that you can remember and you will either hold it against him or use it to help him?

PROSPECTIVE JUROR:   I distinctly remember him, your Honor. Sixth grade, Coleman Elementary in 1990.

THE COURT:    All right. Is there anything about that sixth grade you could not leave outside the courtroom?

PROSPECTIVE JUROR:    I have a preconceived notion of the way he behaved then. I don't know how it would affect me in the trial.

At that point, the judge called the prospective juror forward, outside the hearing of the remaining jury pool, and further questioned him about the extent of his relationship with McClinton. The prospective juror explained that he remembered that McClinton "had a disciplinary problem" and "was a constant disruption." McClinton's attorney then moved for a mistrial, arguing that the response had tainted the jury pool with impermissible character evidence and created the impression that McClinton had victimized people in elementary school. The court denied the motion, and McClinton did not ask for a curative instruction or admonishment. Ultimately, the prospective juror was not selected to serve on the jury. McClinton now appeals the court's denial of his motion for a mistrial.

## II.  *Standard of Review*

A mistrial is an extreme and drastic remedy which will be resorted to only when there has been an error so prejudicial that justice cannot be served by continuing with the trial or when fundamental fairness of the trial has been manifestly affected. *Moore v. State*, 355 Ark. 657, 144 S.W.3d 260 (2004). Declaring a mistrial is proper only where the error is beyond repair and cannot be corrected by any curative relief. *Brown v. State*, 347 Ark.



308, 65 S.W.3d 394 (2001). The judge presiding at trial is in a better position than anyone else to evaluate the impact of any alleged errors. *Venable v. State*, 260 Ark. 201, 538 S.W.2d 286 (1976). Therefore, the circuit court has wide discretion in granting or denying a motion for mistrial, and the decision of the circuit court will not be reversed except for abuse of that discretion or manifest prejudice to the complaining party. *Hall v. State*, 314 Ark. 402, 862 S.W.2d 268 (1993).

### III.  *Analysis*

Among the factors to be considered in determining whether a circuit court abused its discretion in denying a motion for mistrial are whether the prejudicial response was deliberately induced and whether an admonition to the jury could have cured any resulting prejudice. *Jones v. State*, 349 Ark. 331, 78 S.W.3d 104 (2002). In *Jones*, the prosecutor asked an officer what happened after the officer made contact with the defendant, to which the officer responded that he discovered the defendant was on parole. *Id*. at 337, 78 S.W.3d at 109. Jones's attorney moved for a mistrial because the officer had disclosed that the defendant was a parolee. The circuit court denied the motion, and Jones declined to have the jury instructed to disregard the statement out of concern that it would only draw more attention to the comment. We affirmed, reasoning that nothing about the prosecutor's question indicated that he was attempting to elicit Jones's criminal history. *Id*. at 338, 78 S.W.3d at 109. The prosecutor had merely asked what happened after the officer contacted Jones, and a comment about the defendant's parole status was not the answer that the question was intended to evoke. *Id*.

In this case, as in *Jones*, the judge's question was not intended to provoke a prejudicial response. The judge simply asked the prospective juror if he would be unable to leave his previous experience with McClinton outside of the courtroom. Furthermore, the juror's response was not prejudicial. The judge had previously asked if there was anything about the juror's acquaintance with McClinton that he would either hold against or use to help McClinton. The juror's response was equivocal. He stated that he had a preconceived notion of McClinton's behavior, but that he did not know how that would affect him during trial. The juror never stated in front of the jury pool whether this preconceived notion was good or bad or whether it predisposed him to favor or oppose McClinton. Therefore, the other jurors were not privy to any more information other than that this man attended grade school with McClinton and that he remembered his behavior. It was only after the juror was called to the bench, outside the hearing of the other potential jurors, that he revealed the negative connotation attached to his memories of McClinton.

We have previously upheld denials of mistrials where, based on chance remarks, it has been revealed that the defendant had been involved in other crimes, *McFarland v. State*, 284 Ark. 533, 684 S.W.2d 233 (1985), that the defendant had prior problems with the police, *Hall*, *supra*, that the defendant had a prior arrest record, *Hogan v. State*, 281 Ark. 250, 663 S.W.2d 726 (1984), and that the defendant had previously been in prison, *Hill v. State*, 275 Ark. 71, 628 S.W.2d 284 (1982). In *Novak v. State*, we affirmed the denial of a motion for mistrial based on a juror's response to questioning that was very similar to the questioning in this case, in which the juror indicated that he was acquainted

with the defendant because the juror had arrested him several times in the past. 287 Ark. 271, 275–76, 698 S.W.2d 499, 502 (1985). The juror's response in the present case was certainly not as prejudicial as the remarks made in the cases just cited. We simply cannot see how the prospective juror's disclosure that he had attended school with McClinton and remembered his behavior rises to the level of prejudicial error so severe that fundamental fairness was compromised and justice could not be served by continuing with the trial.

Furthermore, McClinton failed to request a curative instruction. We have held that remarks which amount to inadvertent references to previous bad conduct of the defendant may be cured by an admonition from the trial court ordering the jury to disregard the statement. *Hall*, 314 Ark. at 406, 862 S.W.2d at 270. This court will not say that denial of a motion for mistrial is an abuse of discretion when an admonition to the jury could have cured the situation, but no such admonition was requested. *Moore*, 355 Ark. at 667, 144 S.W.3d at 266.

IV.  *Compliance with Supreme Court Rule 4-3(i)*

In compliance with Arkansas Supreme Court Rule 4–3(i), the record has been examined for all rulings that were decided adversely to the appellant, and no error has been found.

Affirmed.

DANIELSON, J., concurs.

**PAUL E. DANIELSON, Justice, concurring.** I would address the State's waiver argument and would hold that the State's reliance on *Edens v. State*, 235 Ark. 996, 363

S.W.2d 923 (1963), is simply misplaced.  Because I agree with the majority's analysis and disposition on the merits of McClinton's argument, I respectfully concur.

*Potts Law Office*, by:  *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by:  *Pamela Rumpz*, Ass't Att'y Gen., for appellee.