

# ARKANSAS COURT OF APPEALS
## DIVISION IV
### No. CR–17–13

| | |
|---|---|
| JAMES MOE | **Opinion Delivered:** October 25, 2017 |
| APPELLANT | |
| | APPEAL FROM THE BENTON |
| V. | COUNTY CIRCUIT COURT |
| | [NO. 04CR-15-1520] |
| STATE OF ARKANSAS | |
| APPELLEE | |
| | HONORABLE BRADLEY LEWIS |
| | KARREN, JUDGE |
| | |
| | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

James Moe appeals his Benton County Circuit Court convictions of third-degree domestic battery and aggravated assault on a family or household member. The sole issue on appeal is whether the circuit court abused its discretion by denying Moe's motion for a mistrial. We affirm.

On October 28, 2015, the State charged Moe with third-degree domestic battery and aggravated assault of his girlfriend, Christina Burt. The State also charged Moe as a habitual offender. Prior to trial, on May 9, 2016, Moe moved to appear at trial in civilian clothing and without restraints. On May 13, 2016, the circuit court granted Moe's request.

At trial on May 20, 2016, Corporal Brent Farrer testified that he responded to Moe and Burt's residence on September 9, 2015. When Farrer arrived, Burt was crying and trembling and reported that Moe had headbutted and choked her and then fled the household. Farrer explained that during his conversation with Burt, Moe called Burt's cell

phone and that Farrer spoke with Moe over the phone. Farrer testified that he asked Moe to return to the house. The prosecutor then asked Farrer, "And apparently, [Moe] was not agreeable to come back to the house like you asked him?" Farrer responded, "That is correct. He said he wanted to talk to his parole officer first."

Moe's attorney immediately moved for a mistrial based on Farrer's statement concerning Moe's parole officer. His attorney acknowledged that the State did not elicit the statement and that Farrer inadvertently made the statement, but he maintained that the statement was highly prejudicial to his client. He did not object to admonishment if the court denied his mistrial motion. The court denied the motion and instructed the jury to disregard Farrer's statement concerning Moe's parole officer.

Burt testified that on September 9, 2015, Moe became upset with her when she did not clean their house or cook dinner, and Moe headbutted and choked her. She explained that she ran across the street and called 911, and after she called the police, Moe fled the scene in his car.

The jury convicted Moe of both charges. Moe was sentenced to twelve years' imprisonment for aggravated assault and one year in the Benton County jail and was fined $1,000 for third-degree domestic battery. Moe timely appealed his convictions to this court.

A mistrial is an extreme and drastic remedy that will be resorted to only when there has been an error so prejudicial that justice cannot be served by continuing with the trial or when the fundamental fairness of the trial has been manifestly affected. *Moore v. State*, 355 Ark. 657, 144 S.W.3d 260 (2004). Declaring a mistrial is proper only where the error is beyond repair and cannot be corrected by any curative relief. *McClinton v. State*, 2015 Ark.

SLIP OPINION

425, 464 S.W.3d 913 (citing *Brown v. State*, 347 Ark. 308, 65 S.W.3d 394 (2001)). The judge presiding at trial is in a better position than anyone else to evaluate the impact of any alleged errors. *Id.* Therefore, the circuit court has wide discretion in granting or denying a motion for mistrial, and the decision of the circuit court will not be reversed except for abuse of that discretion or manifest prejudice to the complaining party. *Id.* (citing *Hall v. State*, 314 Ark. 402, 862 S.W.2d 268 (1993)). Our supreme court has stated that among the factors to be considered in determining whether a circuit court abused its discretion in denying a motion for mistrial are whether the prejudicial response was deliberately induced and whether an admonition to the jury could have cured any resulting prejudice. *McClinton*, 2015 Ark. 425, 464 S.W.3d 913 (citing *Jones v. State*, 349 Ark. 331, 78 S.W.3d 104 (2002)).

In this case, Moe argues that the circuit court abused its discretion in denying his motion for a mistrial. He acknowledges that Farrer inadvertently made the statement; however, he claims that the comment was so prejudicial that an admonishment to the jury was insufficient to cure the error. He points to *Box v. State*, 348 Ark. 116, 71 S.W.3d 552 (2002), wherein our supreme court stated that when a defendant's prior incarceration status is not concealed from the jury, his right to a fair trial is in serious jeopardy. Moe acknowledges that the factual circumstances here are similar to those in *Jones*, 349 Ark. 331, 78 S.W.3d 104. However, he asserts that *Jones* conflicts with *Box*.

In *Jones*, the prosecutor asked an officer what happened after the officer made contact with the defendant, and the officer responded that he discovered the defendant was on parole. 349 Ark. 331, 78 S.W.3d 104. Jones's attorney moved for a mistrial because the officer had disclosed that the defendant was a parolee. *Id.* The circuit court denied the

motion, and Jones declined to have the jury instructed to disregard the statement out of concern that it would only draw more attention to the comment. *Id*. Our supreme court affirmed, reasoning that nothing about the prosecutor's question indicated that he was attempting to elicit Jones's criminal history. *Id*. The prosecutor had merely asked what happened after the officer contacted Jones, and a comment about the defendant's parole status was not the answer that the question was intended to evoke. *Id*.

In this case, we hold that the circuit court did not abuse its discretion by denying Moe's motion for a mistrial. As Moe concedes, the circumstances here are similar to those in *Jones*. Nothing about the prosecutor's statement indicated that he was attempting to elicit the statement. Further, the court admonished the jury to not consider the statement.

Moreover, this case and *Jones* are distinguishable from *Box*. In *Box*, our supreme court reversed a conviction when the circuit court denied the defendant's continuance so that he could change from his Arkansas Department of Correction uniform to civilian clothes. *Box*, 348 Ark. 116, 71 S.W.3d 552. It did not involve a statement concerning a defendant's parole status. *See id*. Further, to the extent that Moe argues that *Jones* should be overruled, this court lacks the authority to overrule decisions of the Arkansas Supreme Court. *See Flores v. State*, 87 Ark. App. 327, 194 S.W.3d 207 (2004). Accordingly, we hold that Moe has failed to establish a reversible error.

Affirmed.

VAUGHT and HIXSON, JJ., agree.

*Jeffrey Weber*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., and *Bryan Foster*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the Supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.