Cite as 2025 Ark. 105

# SUPREME COURT OF ARKANSAS
**No.** CR–24–21

| | | |
|---|---|---|
| ERIC OVERTON | | **Opinion Delivered:** June 5, 2025 |
| | APPELLANT | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-22-164] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE STEPHEN SHIRRON, JUDGE |
| | APPELLEE | AFFIRMED. |

**CODY HILAND, Associate Justice**

Eric Overton was convicted by a Hot Spring County jury of rape and internet stalking of a child, for which he sentenced to life in the Arkansas Department of Correction on each count. On appeal, Overton argues that (1) substantial evidence does not support his conviction of rape and (2) the circuit court erred by instructing the jury on applicable law not contained in the jury instructions. We affirm.

In March 2022, Kayla Clark received a call regarding a disclosure her twelve-year-old child, Minor Victim (MV), made to a school counselor. When Clark confronted MV, it was confirmed that MV was actively engaged in communications on the Snapchat application with the account "dudetf"—later confirmed by both MV and Snapchat records to be twenty-six-year-old Eric Overton. Clark took possession of MV's phone and messaged Overton on the application to obtain a photograph of the man with whom MV was communicating. Once Clark observed Overton's apparent age from the picture she received, she ended the conversation, but not before taking pictures with her own phone

of the remaining conservations available on Snapchat. After Clark called the police and provided the pictures of the conversations from MV's phone, MV gave a statement to both the child advocacy center and a detective. Those conversations revealed that not only had there been an exchange of nude photographs and sexually explicit conversations but also that Overton had picked up MV from Clark's house on three occasions in which they engaged in sexual intercourse—the same information to which MV testified, in detail, at Overton's trial.

During voir dire, Overton objected to the prosecutor's line of questioning regarding whether a juror would be willing to convict when the evidence presented was that of a single, credible witness. The defense contended that the prosecutor stated the "incorrect presumption of the law" because the State must prove the crime beyond a reasonable doubt. The court overruled the objection, stating that the prosecutor was entitled to ask questions during voir dire. After questioning resumed, Overton moved for a mistrial on the same grounds, stating that the jury is not to consider any statements of law that are not included in the jury instructions. While the court agreed that the jury was not to consider any law except as instructed, including the law being addressed in voir dire, it denied the mistrial.

At the close of the evidence, the jury was instructed as to the presumption of innocence and that the State bore the burden of proving Overton's guilt beyond a reasonable doubt. The jury returned a conviction of both rape and internet stalking of a child. This appeal followed.

For his first argument on appeal, Overton contends there was insufficient proof to sustain his rape conviction. He claims that the "testimony [was] wholly inadequate to

support a conviction given the fact that MV testified she couldn't remember when it happened, couldn't remember what happened or where it happened." He also argues that the State failed to prove MV was less than fourteen years old. He is entirely mistaken.

In reviewing challenges to the sufficiency of the evidence, this court asks whether substantial evidence supports the verdict. *McCauley v. State*, 2023 Ark. 68, at 3, 663 S.W.3d 383, 385. Substantial evidence is evidence of sufficient certainty to compel a conclusion without resorting to suspicion or conjecture. *Id*. The court views the evidence in the light most favorable to the State and considers only evidence that supports the conviction. *Id*. And the jury, as the trier of fact, is free to believe all or part of the witnesses' testimony and to resolve any questions of conflicting testimony and inconsistent evidence; any variance or discrepancy in the proof goes to the weight or credibility of the evidence and, thus, is a matter for the fact-finder to resolve. *Starling v. State*, 2016 Ark. 20, at 5, 480 S.W.3d 158, 161. Under this standard, the evidence presented at trial established that Overton raped MV multiple times on multiple occasions.

To establish the crime of rape, the State needed only prove that on *one* occasion, Overton "engaged in sexual intercourse or deviate sexual activity" with MV while MV was "less than fourteen (14) years of age." Ark. Code Ann. § 5-14-103(a)(3)(A) (Supp. 2021). "Sexual intercourse" means penetration, however slight, of the labia majora by a penis,[1] while "deviate sexual activity" is defined as any act of sexual gratification involving the

---

[1]Ark. Code Ann. § 5-14-101(13) (Supp. 2021).

3

penetration, however slight, of the anus or mouth of a person by the penis of another person.[2]

MV testified that she snuck out of the house on three specific occasions and met Overton and that on each occasion he penetrated both her vagina and her mouth with his penis. While Overton argues MV did not recall specific dates or the exact address, neither time nor physical location is an essential element of the crime of rape. *See Rains v. State*, 329 Ark. 607, 613, 953 S.W.2d 48, 52 (1997). On the contrary, a rape victim's testimony need not be corroborated, and scientific evidence is not required. *McCauley*, 2023 Ark. 68, at 4, 663 S.W.3d at 386. The victim's uncorroborated testimony describing penetration may constitute substantial evidence to sustain the conviction. *Id*. Regarding proof of MV's age, MV testified she was twelve when the incidents occurred, provided her date of birth, and was only thirteen at the time of the trial—so it is axiomatic that MV was fourteen or younger when the sexual intercourse to which she testified occurred. As such, all of the essential elements required to prove rape were clearly met.

For his second point, Overton contends the circuit court erred by instructing the jury on law not contained in the jury instructions and argues a mistrial should have been granted regarding the purported instruction.

The prosecutor, while questioning a potential juror during voir dire, stated that the law is established that a single witness is sufficient for a conviction if the jury finds that he or she is credible—a statement to which Overton objected. After the circuit court overruled his objection, the defense moved for a mistrial because "the jury was not to consider any

---

[2]Ark. Code Ann. § 5-14-101(1)(A) (Supp. 2021).

law that's not in the jury instructions." The court maintained that the prosecutor was entitled to ask questions during voir dire and denied the motion, indicating that the jurors would be instructed on the applicable law before deliberation.

Here, Overton characterizes the circuit court's resolution of this dispute between counsel as error by "instruct[ing] the jury" as to a lowered burden of proof in violation of his fundamental rights—but his characterization is incorrect. While the court did note that the prosecuting attorney's assertion about a point of law was factual, the circuit court went out of its way to caution the jury that voir dire questions or statements by counsel are *not* the law and that the jury would receive all instructions as to the applicable law at the end of the case. Which is exactly what happened.

A mistrial is an extreme and drastic remedy that is warranted only when an error is so prejudicial that justice cannot be served by continuing with the trial or when fundamental fairness of the trial has been manifestly affected. *McClinton v. State*, 2015 Ark. 245, at 2, 464 S.W.3d 913, 914. Moreover, declaring a mistrial is proper only when the error is beyond repair and cannot be corrected by any curative relief. *Id.* The judge presiding at trial is in a better position to evaluate the impact of any alleged errors; the circuit court has wide discretion in granting or denying a motion for mistrial. *Id.* at 3, 464 S.W.3d at 914. Consequently, the circuit court's exercise of its discretion will not be reversed except for abuse of that discretion or manifest prejudice to the complaining party. *Id.*, 464 S.W.3d at 914–15.

The extent and scope of voir dire examination is likewise largely within the sound discretion of the circuit court and that discretion will not be reversed absent clear abuse.

5

*Sanders v. State*, 278 Ark. 420, 422, 646 S.W.2d 14, 15 (1983). Moreover, "[t]he mere fact some inquiry on voir dire may touch on the instructions later to be given does not per se render such questions beyond the scope of voir dire." *Brazel v. State*, 296 Ark. 563, 566, 759 S.W.2d 28, 30 (1988).

Because Overton's rape conviction was supported by substantial evidence, and because the circuit court did not clearly abuse its discretion by denying Overton's objection and the motion for a mistrial during voir dire, we affirm accordingly.

Finally, in compliance with Arkansas Supreme Court Rule 4–3(a), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to Overton. No prejudicial error has been found.

Affirmed.

Special Justice SHANE HENRY joins in this opinion.

BRONNI, J., not participating.

*Gregory Crain*, for appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.