Cite as 2025 Ark. 127

# SUPREME COURT OF ARKANSAS
**No.** CR–24–610

|  |  |  |
|---|---|---|
|  |  | **Opinion Delivered:** September 11, 2025 |
| TARUS WALKER | APPELLANT | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR–23–316] |
| V. |  |  |
| STATE OF ARKANSAS | APPELLEE | HONORABLE CARLTON D. JONES, JUDGE |
|  |  | <u>AFFIRMED</u>. |

**SHAWN A. WOMACK, Associate Justice**

A Miller County jury convicted Tarus Walker of capital murder, and the circuit court sentenced him to life imprisonment. On appeal, Walker contends the circuit court abused its discretion in denying his motion for mistrial after a detective testified—during the State's questioning—that a warrant had been issued for Walker's arrest on charges of capital murder *and* felon in possession. He further contends that this reference to his status as a felon caused incurable prejudice, despite the curative instruction given to the jury. We affirm.

## I. *Facts and Procedural Background*

On Christmas Day, 2022, Walker shot and killed Aaron Bruce, the boyfriend of the mother of Walker's children. That day, Bruce went to the apartment of his cousin, Patrick Ross, after encountering Walker outside. Bruce was dating Charnetta Grayton, the mother of Walker's children, and the two men had an ongoing conflict following an alleged

domestic disturbance the previous day. When Bruce and Ross went outside, they confronted Walker, who was armed with an AK-style rifle. Ross testified that he pleaded with Walker not to shoot, but Walker stated that Bruce "was going to die today" and then shot him multiple times, killing him. Other witnesses corroborated either hearing or seeing the gunfire and Walker leaving the scene. Evidence also showed that shortly before the shooting, Walker had called a relative of Grayton's seeking Bruce's address.

Walker does not challenge the sufficiency of the evidence supporting his capital-murder conviction; he argues only that a mistrial was warranted. Accordingly, the relevant facts are from Walker's trial. At trial, Detective Dakota Easley, who obtained Walker's arrest warrant, was questioned by the State about his role in the investigation:

| | |
|---|---|
| PROSECUTOR: | Now at some point in your investigation did you believe or come to believe that Mr. Walker had committed an offense? |
| DETECTIVE EASLEY: | Yes, ma'am. |
| PROSECUTOR: | When an investigation leads to an individual and you develop or believe that individual has committed an offense, what do you do? |
| DETECTIVE EASLEY: | We type out a probable cause affidavit to get a warrant for his arrest. |
| PROSECUTOR: | And just so there's no misunderstanding, a probable cause affidavit, and please if I get this wrong correct me, is saying that we believe that this individual has committed an offense and we would like the court to issue a warrant? |
| DETECTIVE EASLEY: | Yes, ma'am. |
| PROSECUTOR: | And is that what was done in this particular case? |
| DETECTIVE EASLEY: | Yes, ma'am. |

2

| PROSECUTOR: | And was a warrant for Mr. Walker issued? |
|---|---|
| DETECTIVE EASLEY: | Yes, ma'am. |
| PROSECUTOR: | And what was the offense for which the warrant was issued? |
| DETECTIVE EASLEY: | Capital murder and felon in possession of firearm by certain person. |

Defense counsel immediately approached the bench and moved for a mistrial. Because it was near the lunch break, the court excused the jury and advised counsel that it wished to research the issue before ruling. After the recess, the court heard arguments from both the State and the defense, then recessed again to conduct additional research, noting that it thought this was a "close call" and that it wanted to "get this right."

Ultimately, the court denied Walker's motion, concluding that any prejudice could be cured by a proper instruction. Counsel and the court agreed on the language, and upon the jury's return, the court instructed:

> You are here today to hear the case of State of Arkansas versus Tarus Walker for the offense of capital murder. Any testimony you may have heard regarding any offense or warrant other than capital murder shall not be considered by you in deliberations in this matter.

At the conclusion of the trial, the jury found Walker guilty of committing the offense of capital murder. He was then sentenced by the circuit court to life imprisonment. Walker appeals, asking this court to reverse his conviction and remand the case to Miller County for a new trial on the charge of capital murder.

## II. *Discussion*

Walker's sole argument on appeal is that the circuit court abused its discretion in denying his mistrial motion after Detective Easley testified that a warrant had been issued

for Walker's arrest on charges of capital murder *and* felon in possession. He contends that this reference to his status as a felon caused manifest prejudice and that the court's curative instruction was inadequate to remedy it. He is mistaken.

Mistrials are not to be granted lightly.[1] A mistrial is an extreme and drastic remedy, appropriate only when an error is so prejudicial that it cannot be cured by an admonition or instruction—in other words, when justice cannot be served by continuing the trial.[2] The decision to deny a mistrial lies within the discretion of the circuit court, and we will not reverse absent an abuse of that discretion.[3] Generally an abuse occurs when the circuit court acts improvidently, thoughtlessly, or without due consideration.[4] In assessing whether an abuse occurred in this context, the critical factors we consider are whether the prosecutor deliberately provoked the prejudicial response and whether an admonition or instruction could have cured the resulting prejudice.[5]

In this case, the relevant factors all support the conclusion that the circuit court acted within its discretion in denying Walker's mistrial motion. First, the record shows that the

---

[1] *Meacham v. State*, 2025 Ark. 27, at 12, 707 S.W.3d 473, 481 (citing *Barefield v. State*, 2024 Ark. 141, at 11, 696 S.W.3d 822, 830).

[2] *Smith v. State*, 2024 Ark. 1, at 8–9, 680 S.W.3d 711, 717 (citing *Thompson v. State*, 2019 Ark. 290, 586 S.W.3d 163).

[3] *Smith,* 2024 Ark. 1, at 8 (citing *Williams v. State*, 2011 Ark. 432, 385 S.W.3d 157).

[4] *Meacham*, 2025 Ark. 27, at 6 (citing *Threadgill v. State*, 347 Ark. 986, 993, 69 S.W.3d 423, 428 (2002)).

[5] *McDaniel v. State*, 2019 Ark. 56, at 3, 567 S.W.3d 847, 848 (citing *Armstrong v. State*, 366 Ark. 105, 113, 233 S.W.3d 627, 634 (2006)).

prosecutor did not deliberately provoke Detective Easley's reference to Walker's status as a felon. Second, the stray remark did not create prejudice so severe that it could not be cured by an instruction. Third, the circuit court reached its ruling only after hearing arguments from counsel and conducting independent research. Because Walker concedes the first and third points, our analysis focuses on the second.

Although Detective Easley's improper testimony created some prejudice, such prejudice is inevitable whenever a jury hears of a defendant's prior conviction. This is so whether the conviction comes in under a proper exception or, as here, slips in through a witness's inadvertence. That prejudice, however, does not automatically require a mistrial. We have long held that a single, inadvertent reference to a prior conviction or incarceration is ordinarily curable by an instruction.[6] By contrast, we have reversed only when the testimony involved highly inflammatory allegations of other serious crimes—such as the witness's statement in *Moore v. State*[7] that the defendant admitted to another murder, or the repeated and detailed testimony in *Green v. State*[8], linking the defendant to threats and suspicious deaths. Detective Easley's isolated and inadvertent reference falls far short of those circumstances. Coupled with the circuit court's prompt curative instruction and deliberate consideration of the issue, the remark did not create the kind of manifest prejudice that would justify the extreme remedy of a mistrial.

---

[6]*Kimble v. State*, 331 Ark. 155, 959 S.W.2d 43 (1998); *Williams v. State*, 2011 Ark. 432, 385 S.W.3d 157.

[7]323 Ark. 529, 915 S.W.2d 284 (1996).

[8]365 Ark. 478, 231 S.W.3d 638 (2006).

In sum, the circuit court exercised sound discretion in denying Walker's mistrial motion. The circuit court's denial is affirmed and, in turn, Walker's conviction and sentence.

### III. *Rule 4-3(a) Requirement*

Because Walker received a sentence of life imprisonment, the record has been reviewed for all errors prejudicial to him as required by Arkansas Supreme Court Rule 4–3(a). No reversible error was found.

Affirmed.

*James Law Firm*, by: *William O. "Bill" James, Jr.*, and *Drew Curtis*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Dalton Cook*, Ass't Att'y Gen., for appellee.