Cite as 2025 Ark. App. 437

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CR-24-666

| | |
|---|---|
| SAMMY COX<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered September 24, 2025<br><br>APPEAL FROM THE WOODRUFF COUNTY CIRCUIT COURT<br>[NO. 74CR-23-42]<br><br>HONORABLE CHRISTOPHER W. MORLEDGE, JUDGE<br><br>AFFIRMED |

**ROBERT J. GLADWIN, Judge**

Appellant Sammy Cox appeals his rape convictions by a jury in the Woodruff County Circuit Court, arguing that the circuit court erred in denying his motion for directed verdict because the State to failed to set forth sufficient evidence that he raped the minor child ("MC"). On appeal, Cox also maintains that the circuit court erred by denying his motion for mistrial because MC's mother—a potential witness—accessed the circuit court's notes regarding MC's trial testimony on Arkansas CourtConnect. We affirm.

## I. *Background Facts*

MC is the biological child of Cox and Samantha Woods. In 2019, Ms. Woods allowed Cox to move into her residence because Cox's electricity had been turned off. MC was twelve years old at the time. At trial, MC testified that she woke up with Cox in her bedroom and his hand on her vagina. Cox instructed MC not to tell Ms. Woods and that it was their

secret. MC testified that approximately one month later, Cox started penetrating her vagina with his penis and that this occurred at least thirty times—the last time being a week after she turned fifteen in 2023.  MC eventually told her mother, and Ms. Woods called the police. In April 2023, Cox was arrested and charged with thirty counts of rape as well as other felonies and misdemeanors.  The State proceeded to trial on the thirty counts of rape.

MC testified at trial concerning the acts of rape as described above.  Felicia Patten with the Child Safety Center testified as an expert in forensic interviews and identified common reasons for delayed disclosures of abuse.  At the end of the State's case, Cox moved for a directed verdict, stating that the evidence was insufficient to "carry their burden of going forward." Cox also challenged the number of counts, stating that "[a]t best of the witnesses' testimony regarding the issue was as to once in 2018 and 2019, and then possibly a second occurred matter around her birthday." The circuit court denied the motion for a directed verdict.

Cox testified in his own defense and denied MC's allegations.  He maintained that MC made the false allegations of rape because they had been "[b]ickering over the guy she was seeing." After Cox's testimony, defense counsel moved for a mistrial when he received information that Ms. Woods—a potential defense witness—had been receiving screenshots of the circuit court's notes on Arkansas CourtConnect while sequestered with other witnesses. The State objected, arguing that Ms. Woods was a defense witness and had been admonished before trial; therefore, the appropriate remedy was to exclude her as a witness, not to declare a mistrial. The circuit court declined to exclude Ms. Woods as a witness and instead held

that if Cox chose to call Ms. Woods to testify, the circuit court would clear the courtroom and allow the parties to voir dire her regarding her actions. Explaining that Cox could not "create [his] own mistrial," the circuit court denied the motion. Cox declined to call Ms. Woods as a witness or to question her on voir dire regarding her actions and alleged violation of the court's instructions.

Finally, at the conclusion of all the evidence, Cox renewed his directed-verdict motion, stating that "defense counsel would renew the motion for directed verdict regarding the rape charges, particularly regarding [the] 30 counts [of rape] and submit at the close there is still insufficient evidence to support convictions." The circuit court denied the renewed motion. The jury convicted Cox and sentenced him to 480 months' imprisonment for each count of rape and 240 months' imprisonment for second-degree sexual assault, with the sentences for each count to run concurrently. This appeal followed.

## II. *Standard of Review*

On appeal, we treat a motion for directed verdict as a challenge to the sufficiency of the evidence. *Armstrong v. State*, 2020 Ark. 309, 607 S.W.3d 491. In reviewing a challenge to the sufficiency of the evidence, the evidence is viewed in the light most favorable to the State, and this court considers only the evidence that supports the verdict. *Price v. State*, 2010 Ark. App. 111, 377 S.W.3d 324. This court affirms a conviction if substantial evidence exists to support it. *Id.* Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resorting to speculation or conjecture. *Id.* The duty of resolving conflicting testimony and determining

3

the credibility of witnesses is left to the discretion of the jury. *Kelley v. State*, 375 Ark. 483, 292 S.W.3d 297 (2009).

Additionally, a mistrial is an extreme and drastic remedy that will be resorted to only when there has been an error so prejudicial that justice cannot be served by continuing with the trial or when fundamental fairness of the trial has been manifestly affected. *Moore v. State*, 355 Ark. 657, 144 S.W.3d 260 (2004). Declaring a mistrial is proper only where the error is beyond repair and cannot be corrected by any curative relief. *Brown v. State*, 347 Ark. 308, 65 S.W.3d 394 (2001). The circuit court is in a better position than anyone else to evaluate the impact of any alleged errors. *See, e.g., Venable v. State*, 260 Ark. 201, 538 S.W.2d 286 (1976). Therefore, the circuit court has wide discretion in granting or denying a motion for mistrial, and the decision of the circuit court will not be reversed except for abuse of that discretion or manifest prejudice to the complaining party. *Hall v. State*, 314 Ark. 402, 862 S.W.2d 268 (1993).

III. *Discussion*

Cox's first argument on appeal is that there was insufficient evidence to support the rape convictions because there was no corroborated evidence that he raped MC other than her testimony, which was so improbable and unbelievable that reasonable minds could not differ on it.[1] We disagree.

---

[1]Despite being convicted of twenty-nine counts of rape and one count of second-degree sexual assault, Cox argues that the evidence was insufficient to support a verdict for thirty counts of rape. He does not challenge his second-degree sexual-assault conviction on appeal.

It is well settled in Arkansas that a rape victim's testimony, standing alone, is sufficient to convict if the testimony satisfies the statutory elements of rape. *Rohrbach v. State*, 374 Ark. 271, 287 S.W.3d 590 (2008). Evidence is viewed in the light most favorable to the verdict; and the credibility of witnesses and the weight of evidence are matters for the finder of fact to decide. *Sharp v. State*, 2019 Ark. App. 506, 588 S.W.3d 770. Here, MC testified that Cox inserted his penis into her vagina at least thirty times between the ages of twelve and fifteen. A defendant commits rape when he engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years old. *See* Ark. Code Ann. § 5-14-103(a)(3)(A) (Repl. 2024). Accordingly, MC's testimony satisfied the statutory elements of rape, and the jury was free to give the testimony as little or as much weight as it chose. Furthermore, this court may not reweigh the evidence or substitute its own credibility determinations for those of the fact-finder—the jury had the opportunity to observe the witnesses, observe their demeanor, and determine the appropriate weight to be given to each witness's testimony. *See Milton v. State*, 2023 Ark. App. 382, 675 S.W.3d 173. Thus, there was sufficient evidence to support Cox's rape convictions.

Next, Cox argues that the circuit court erred by not granting his motion for a mistrial. Specifically, Cox claims that he was foreclosed from calling Samantha Woods—MC's mother—as a witness because while Ms. Woods was waiting to testify in a room with potential witnesses, she had access to the circuit court's notes regarding MC's trial testimony via Arkansas CourtConnect. Consequently, Cox argues that Ms. Woods's knowledge of what

MC said during her testimony "prepared her for any questioning and examination that would challenge the testimony of [MC]" and denied him a fair trial.

Cox's assertion that he was denied a fair trial because he could not call Ms. Woods to testify lacks merit. Declaring a mistrial is proper only where the error is beyond repair and cannot be corrected by any curative relief. *Franklin v. State*, 2024 Ark. 9, 682 S.W.3d 1. Here, the circuit court told Cox that if he decided to call Ms. Woods as a witness, she would first be subject to voir dire regarding her actions. However, rather than utilizing the court's curative relief, Cox made the decision not to call Ms. Woods as a witness. While Cox was well within his rights to make such a decision, he cannot now claim that it was an abuse of discretion warranting reversal. *See id.* (finding no abuse of discretion when the circuit court offered an immediate curative instruction, but the defendant refused the curative relief offered). Thus, we affirm the circuit court's denial of a mistrial.

IV. *Conclusion*

For the above-stated reasons, we affirm Cox's rape convictions.

Affirmed.

BARRETT and BROWN, JJ., agree.

*Jerry D. Roberts*, for appellant.

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.